IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **JEFFREY SAWYER,** individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br>vs.<br><br>**HEALTH CARE SOLUTIONS AT HOME INC. and LINCARE INC.**<br><br>           Defendants. | Case No.:<br><br><br>**COMPLAINT – CLASS ACTION AND COLLECTIVE ACTION WITH JURY DEMAND** |

Plaintiff, JEFFREY SAWYER, individually and on behalf of all others similarly situated, by and through his attorney, hereby bring this Collective and Class Action Complaint against Defendants, HEALTH CARE SOLUTIONS AT HOME INC. and LINCARE INC. and state as follows:

**PRELIMINARY STATEMENT**

1.     This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, JEFFREY SAWYER (hereinafter referred to as "Plaintiff"), individually and on behalf of all hourly workers employed by Defendants, HEALTH CARE SOLUTIONS AT HOME INC. and LINCARE INC., arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*; the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 § 260.1, *et seq.*; and common law.

2.     Defendants willfully violated the FLSA by falsely altering the time-keeping records of its hourly employees, failing to pay their hourly employees for all hours worked

1

including hours worked in excess of 40 in a workweek, and failing to pay their hourly employees at the correct overtime rate. Specifically, Defendants violated the following statutory and regulatory requirements:

a. **"Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the [FLSA] apply: . . . . [Including] [h]ours worked each workday and total hours worked each workweek."** 29 C.F.R. § 516(a)(7). Defendants purposefully and systematically removed half an hour worked from each hourly employee's daily time-sheet. This missing half-hour was allocated as a "lunch break," regardless of whether they were afforded a free uninterrupted lunch or not. Thus, the payroll and time-keeping records maintained by Defendants did not accurately reflect the actual hours worked by their hourly employees on a daily or weekly basis.

b. **"[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."** 29 U.S.C. § 207(a)(1). Hourly employees worked over 40 hours a week but were shorted some of their overtime hours and pay.

c. **"[T]he 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee [subject to exceptions]."** 29 U.S.C. 207(e). Even when Defendants

provided overtime pay, Defendants failed to include non-excludable compensation, such as nondiscretionary bonus compensation, as part of the employee's "regular rate" of pay for the purpose of calculating overtime rates of pay. As a result, employees sometimes received overtime pay at rates lower than what they were entitled.

3. The above-described FLSA violations affected hourly employees of Defendants. Thus, Plaintiff seeks to certify a collective action pursuant to 29 U.S.C. § 216(b). The Putative Plaintiffs are defined as follows:

> *All current and former drivers, customer service representatives, and other hourly employees who worked for Defendants in the Commonwealth of Pennsylvania at any time in the last 3 years.*

(The "Collective").

4. Furthermore, Defendants willfully violated Pennsylvania wage statutes and regulations, specifically:

  a. **"Every employer of employees shall keep a true and accurate record of the hours worked by each employee . . . ."** 43 P.S. § 333.108. **"Every employer shall keep a true, accurate and legible record for each employee. The records . . . shall contain the following information: . . . . The number of hours worked daily and weekly."** 34 Pa. Code § 231.31(a)(6). Defendants routinely and falsely removed half an hour from the time-sheets of their hourly employees every workday for "lunch break" even when employees were not provided such uninterrupted break. The resulting time-sheets were thus not an accurate record of the hours worked by Defendants' hourly employees.

  b. **"Employees shall be paid for overtime not less than one and one-half times**

>  **the employee's regular rate as prescribed in regulations promulgated by the secretary . . . ."** 43 P.S. § 333.104(c). Hourly employees frequently worked over 40 hours per week. Because of Defendants' practice of subtracting time worked from their hourly employees' worksheets, employees were deprived of pay that would have qualified for overtime rates.
>
> c. **"For the purposes of [overtime pay], the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to or on behalf of the employee [with exceptions]."** 34 Pa. Code § 231.43. Defendants failed to include non-excludable compensation, such as nondiscretionary bonus compensation, as part of an hourly employee's "regular rate" of pay for the purpose of calculating overtime rate of pay. As a result, employees sometimes received overtime pay at rates lower than what they were entitled.
>
> d. **"Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer."** 43 P.S. § 260.3(a). Hourly employees are still currently owed wages stemming from Defendants' time-keeping practices and miscalculation of overtime pay rates. Under Pennsylvania's WPCL, employees are to be paid all owed wages on their regular paydays. Thus far, they have not been compensated at all for any of the above alleged wages.

5.   In addition to their above claims, Plaintiff brings claims under Pennsylvania common law for breach of contract. The above violations of Pennsylvania statutes, regulations, and common law affected hourly employees of Defendants. Thus, Plaintiff seeks to file suit

individually and on behalf of a class pursuant to Fed. R. Civ. P. 23, which includes:

> *All current and former drivers, customer service representatives, and other hourly employees who worked for Defendants in the Commonwealth of Pennsylvania at any time in the last 3 years.*

(The "Rule 23 Pennsylvania Class").

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants willfully and intentionally committed systematic and widespread violations of the FLSA and Pennsylvania wage laws in the manner described herein.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, et seq.

8. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

9. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10. This Court has personal jurisdiction over Defendants because they conduct business within the state of Pennsylvania.

11. Health Care Solutions at Home Inc. is registered under Entity Number 3131243 with the Pennsylvania Secretary of State.

12. Health Care Solutions at Home Inc. conducts business as Lincare under Entity Number 3260859.

13. Lincare Inc. is registered under Entity Number 1007651, with the Pennsylvania

Secretary of State.

14. Venue is proper in this district because (i) a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district and (ii) Defendants are residents of this district because their contacts to this district are sufficient to give rise to personal jurisdiction. 28 U.S.C. § 1391(b), (c).

## PARTIES

15. Plaintiff Jeffrey Sawyer is a resident of Hamburg, Pennsylvania, and was employed by Defendants as an hourly driver from 1984 to September 2016.

16. Plaintiff Sawyer signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

17. Defendant Health Care Solutions at Home Inc. is a wholly owned subsidiary of Lincare Inc.

18. At all relevant times mentioned herein Defendants conducted and continues to conduct substantial and regular business throughout Pennsylvania.

19. Defendant Lincare Inc. is a corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout Pennsylvania.

20. Under information and belief, Defendants Lincare Inc. and Health Care Solutions at Home Inc. are the joint employers of Plaintiff.

## GENERAL ALLEGATIONS

21. Defendants employed Plaintiff Jeffrey Sawyer as a full-time driver at its service center location in Wyomissing, Pennsylvania from 1984 to September 2016.

22. Defendants are covered employers under the FLSA.

23. Defendants' annual sales exceed $500,000.

24. Defendants have more than two employees.

25. FLSA enterprise coverage, so the FLSA applies in this case on an enterprise basis. Defendants' hourly employees, including drivers, engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

26. Drivers had the primary duty of delivering Defendants' products to the homes of customers.

27. Drivers drove vans weighing less than 10,000 pounds.

28. Drivers are not exempt from the overtime provisions of the FLSA under the "motor carrier exemption", *see* 29 U.S.C. § 13(b)(1), because their duties fall under the "Small Vehicle Exception" contained in the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"), which states that the overtime protections of the FLSA "shall apply to a covered employee notwithstanding section 13(b)(1) of [the FLSA.]" SAFETEA-LU Technical Corrections Act of 2008 § 306(a), 110 P.L. 244, 122 Stat. 1572, 1621.

29. The TCA defines "covered employee" as an individual "whose work, in whole or in part," "performs duties on motor vehicles weighing 10,000 pounds or less." SAFETEA-LU Technical Corrections Act of 2008 § 306(c), 110 P.L. 244, 122 Stat. 1572, 1622.

30. Consequently, drivers are covered employees under the overtime provisions of Section 7(a) of the FLSA, and they are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

31. Upon information and belief, Defendants also employed hourly customer service representatives.

32. Defendants used an online time-keeping program called TimeSaver to track the hours worked by drivers, customer service representatives, and other hourly employees.

33. Drivers, customer service representatives, and other hourly employees were paid based in part on the hours logged on TimeSaver.

34. Drivers, customer service representatives, and other hourly employees did not receive a free and uninterrupted lunch break.

35. Defendants directly benefitted from the work performed by their hourly employees during their supposed lunch breaks.

36. Defendants enacted a corporate-wide policy to automatically deduct half an hour of work time for a lunch break regardless whether the employee worked through lunch or not.

37. Defendants' willful conduct is a violation of Federal and Pennsylvania laws and regulations governing the accurate recording of the hours worked by an employee. 29 U.S.C. § 211(c), 29 C.F.R. § 516.2(a)(7), 43 P.S. § 333.108, 34 Pa. Code. § 231.31(a)(6).[1]

38. At all relevant times, Defendants controlled Plaintiff's and other hourly employees' work schedule, duties, protocols, applications, assignments and employment conditions.

39. Defendants knew that drivers, customer service representatives, and other hourly employees did not take half an hour of lunch break every day.

40. Defendants used their payroll policies to coerce drivers, customer service representatives, and other hourly employees to consent to the altered time-sheets by indicating that they would not be paid unless they signed and certified that the edited time-sheets were accurate.

41. Defendants' policies and practices deprived drivers, customer service

---

[1] For clarification of 29 U.S.C. § 211(c), see also the United States Department of Labor's Fact Sheet #21 on Recordkeeping Requirements under the Fair Labor Standards Act.

representatives, and other hourly employees of wages owed for work performed in lieu of taking lunch breaks.

42.   Drivers, customer service representatives, and other hourly employees worked more than 40 hours a week.

43.   Because drivers, customer service representatives, and other hourly employees worked more than 40 hours in a workweek, Defendants' pay practices also deprived them of overtime pay at the rates of one and a half times their regular rates of pay as mandated by the FLSA, 29 U.S.C. § 201, *et seq.* and the PMWA, 43 P.S. § 333.104(c), 34 Pa. Code §§ 231.41, 231.42.

44.   Defendants maintained a non-discretionary bonus compensation policy for drivers who achieved certain targets.

45.   During pay periods in which drivers received bonus compensation, Defendants failed to include the bonus compensation as part of the regular rate of pay for purposes of calculating overtime pay.

46.   Both Federal and Pennsylvania law provides that non-discretionary bonus compensation must be included as part of an employee's "regular rate of pay" for calculating the appropriate overtime rate.

47.   Defendants violated FLSA, 29 U.S.C. § 207(e), 29 C.F.R. § 778.211, and the PMWA, 43 P.S. § 333.104(c), 34 Pa. Code §§ 231.41, 231.42, 231.43.

48.   Below is an example of a specific workweek in which Defendants did not pay Plaintiff Jeffrey Sawyer at the correct overtime rate and/or for the correct number of overtime hours as mandated by the FLSA and the PMWA:

Pay period ending February 7, 2016 (***Exhibit 2***):

9

  A. Sawyer was paid for 80.00 regular hours plus 10.21 overtime hours accumulated over 10 days of work. In addition, Sawyer received $15 as nondiscretionary bonus compensation. His total pay for the two-week pay period was $2,246.80.

  B. Defendants used the regular rate of pay of $23.4150 per hour to calculate Sawyer's overtime rate.

  C. This was erroneous because the regular rate failed to include the nondiscretionary bonus of $15 that Sawyer received.

  D. Had defendants complied with the FLSA and PMWA, Sawyer would have received a higher overtime rate.

  E. Including the 30 minutes of pay he was shorted each day due to not having a free and uninterrupted lunch break, Sawyer should have been paid at least an additional 300 minutes at his higher overtime rate.

## **COLLECTIVE ACTION ALLEGATIONS**

49. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All current and former drivers, customer service representatives, and other hourly employees who worked for Defendants in the Commonwealth of Pennsylvania at any time in the last 3 years.*

(The "Collective"). Plaintiff reserves the right to amend this definition as necessary.

50. Excluded from the proposed Collective are Defendants' executives, administrative, and professional employees, including computer professionals and outside sales persons.

51. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "hourly" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action is hourly because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their

10

claims are based upon the same factual and legal theories.

52. The employment relationships between Defendants and every Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Defendants willfully altered time-sheets to reflect lunch breaks that were not taken, and whether this practice resulted in Defendants' failure to pay owed overtime wages – do not vary substantially among the Collective members.

53. Plaintiff estimates the Collective, including both current and former employees over the relevant period, will include several dozen members. The precise number of Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 PENNSYLVANIA CLASS ACTION ALLEGATIONS

54. Plaintiff bring this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalf and on behalf of:

> *All current and former drivers, customer service representatives, and other hourly employees who worked for Defendants in the Commonwealth of Pennsylvania at any time in the last 3 years.*

(The "Rule 23 Pennsylvania Class"). Plaintiff reserves the right to amend this definition as necessary.

55. The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all Rule 23 Pennsylvania Class members in this case would be impractical. Plaintiff estimates that there are over one hundred Rule 23 Pennsylvania Class members. Rule 23 Pennsylvania Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

56. There is a well-defined community of interest among Rule 23 Pennsylvania Class

members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Pennsylvania Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether Rule 23 Pennsylvania Class members took uninterrupted half-hour lunch breaks;

   b. Whether Rule 23 Pennsylvania Class members worked overtime; and

   c. Whether Defendants modified the time-sheets of Rule 23 Pennsylvania Class Members so that the time-sheets falsely reported half an hour of lunch break on any workday.

57. Plaintiff's claims are typical of those of the Rule 23 Pennsylvania Class in that they and all other Rule 23 Pennsylvania Class members suffered damages as a direct and proximate result of the Defendants' common and systemic timekeeping and payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Pennsylvania Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Pennsylvania Class members.

58. Plaintiff will fully and adequately protect the interests of the Rule 23 Pennsylvania Class and he has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Pennsylvania Class.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Pennsylvania Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of

duplicative lawsuits being filed.

60. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

61. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

62. Because Defendants acted on grounds that apply generally to the Rule 23 Pennsylvania Class and declaratory relief is appropriate in this case with respect to the Rule 23 Pennsylvania Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

63. Plaintiff re-alleges and incorporates all previous paragraphs herein.

64. Defendants were employers under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

65. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA. Because Defendants' annual sales exceed $500,000 and they have more than two employees, the FLSA applies in this case on an enterprise basis. Defendants' Representatives engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

66. At all times relevant to this action, the Collective were "employees" of Defendants

within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

67. The Collective either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

68. Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

69. Defendants "suffered or permitted" the Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

70. Defendants deprived the Collective of up to 30 minutes of wages every workday. It was Defendants' policy to modify time-sheets to reflect 30 minutes of lunch break regardless of whether or for how long the breaks were taken.

71. The work performed by the Collective in lieu of taking lunch break every day is an essential part of their jobs and the time associated with these work activities is not *de minimis*.

72. In workweeks where the Collective worked 40 hours or more, the uncompensated time should have been paid at the federally mandated rate of time and one-half of each employee's regularly hourly wage. 29 U.S.C. § 207.

73. Defendants' violations of the FLSA were knowing and willful. Defendants knew that the Collective did not take a full 30 minutes of lunch break every day. Nevertheless, Defendants purposefully doctored the employee time-sheets to reflect 30 minutes of lunch break taken every day, thereby depriving the Collective of their earned wages. Therefore, a three-year statute of limitations applies to all claims made by Plaintiff and all hourly employees arising from Defendants' above conduct. 29 U.S.C. § 255(a).

74. 29 U.S.C. § 216(b) of the FLSA provides that as a remedy for a violation of the

Act, an employee is entitled to his or her unpaid wages, at overtime rates if applicable, plus an additional equal amount in liquidated damages, plus costs and reasonable attorneys' fees.

**COUNT II**
**(Rule 23 Pennsylvania Class Action)**
**VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT,**
**43 P.S. § 333.101, *et seq.* – FAILURE TO PAY WAGES**
**AND CORRECT OVERTIME**

75. Plaintiff re-alleges and incorporates all previous paragraphs herein.

76. All members of the Rule 23 Pennsylvania Class are entitled to their regular wages and/or overtime pursuant to the PMWA, 43 P.S. § 333.101, *et seq.* and the relevant portions of the Pennsylvania Code, 34 Pa. Code § 231.1, *et seq*.

77. By failing to pay Plaintiff and members of the Rule 23 Pennsylvania Class for all hours worked in excess of 40 hours a week at one and one-half times their regular rates, Defendants violated 43 P.S. § 333.104(c), 34 Pa. Code § 231.41.

78. By failing to include nondiscretionary bonus compensation by Plaintiff and members of the Rule 23 Pennsylvania Class as part of their "regular rate of pay" for the purpose of calculating overtime rates, Defendants have violated 43 P.S. § 333.104(c), 34 §§ 231.41, 231.42, 231.43.

79. A three-year statute of limitation applies to all above claims.

80. Defendants violated Pennsylvania law, including by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Pennsylvania Class for the time spent on the work activities described in this Complaint. As a result, Plaintiff and the Rule 23 Pennsylvania Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Pennsylvania Class are entitled to recover unpaid wages owed, plus costs and reasonable attorneys' fees, and other appropriate relief under Pennsylvania law, including, but not limited to all damages, fees, and costs available under 43 P.S. § 333.101, *et seq*.

## Count III
### (Rule 23 Pennsylvania Class Action)
### VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. § 260.1, *et seq.*, – FAILURE TO PAY ALL WAGES OWED ON REGULAR PAYDAYS

81. Plaintiff re-alleges and incorporates all previous paragraphs herein.

82. All members of the Rule 23 Pennsylvania Class Action were owed wages in connection with the time they spent working in lieu of taking lunch breaks, including overtime wages at one and a half times regular rates of pay.

83. No member of the Rule 23 Pennsylvania Class Action was paid the above specified wages on the regular paydays designated by Defendants. Defendants are thus in violation of the WPCL, 43 P.S. § 260.3(a).

84. A three-year statute of limitation applies to all above claims.

85. Defendants violated Pennsylvania law, including by regularly and repeatedly failing to compensate the Rule 23 Pennsylvania Class for the time spent on the work activities described in this Complaint. As a result, the Rule 23 Pennsylvania Class have and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 Pennsylvania Class are entitled to recover unpaid wages owed and other appropriate relief under Pennsylvania law, including, but not limited to all damages available under 43 P.S. § 260.1, *et seq*.

## Count IV
### (Rule 23 Pennsylvania Class Action)
### BREACH OF CONTRACT

86. Plaintiff re-alleges and incorporates all previous paragraphs herein.

87. At all times relevant to this action, Defendants had contracts with every Rule 23 Pennsylvania Class member to pay each employee for each hour they worked at a pre-established (contractual) regularly hourly rate.

88. Each Rule 23 Pennsylvania Class member's contractual hourly rate is identified in paystubs and other records that Defendants prepare as part of their regular business activities.

89. Rule 23 Pennsylvania Class members accepted the terms of Defendants' contractual promises and performed under the contract by doing their jobs and carrying out the work they performed each shift, including the unpaid work that was required of them in lieu of taking lunch breaks, which they performed, and which was accepted by Defendants.

90. By not paying each Rule 23 Pennsylvania Class members the agreed upon hourly wage for the work they performed in lieu of taking a lunch break, Defendants systematically breached its contracts with each member of the Rule 23 Pennsylvania Class.

91. This claim is appropriate to the extent the Rule 23 Pennsylvania Class members' remedies under the FLSA or Pennsylvania law are inadequate in that Defendants paid them more than the applicable minimum wage but less than 40 hours per week (i.e., pure "gap time" claims).

92. Defendants also breached its duty of good faith and fair dealing by deleting from the time-sheets the time Rule 23 Pennsylvania Class members spent working instead of taking lunch breaks.

93. As a direct and proximate result of Defendants' breaches of the contracts alleged herein, every member of the Rule 23 Pennsylvania Class has been damaged, in an amount to be determined at trial.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, JEFFREY SAWYER, request an entry of an Order the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's PMWA claims (Count II);

c. Certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's WPCL claims (Count III);

d. Certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's breach of contract claim (Count IV);

e. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Pennsylvania Class members, and permitting Plaintiff to send notice of this action to all those hourly individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

f. Designating Plaintiff as the representative of the FLSA collective action Class and the Rule 23 Pennsylvania Class and undersigned counsel as Class counsel for the same;

g. Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

h. Declaring Defendants willfully violated the PMWA, the WPCL, and the attendant regulations as cited herein;

i. Declaring Defendants breached its contracts with Plaintiff and the members of the Rule 23 Pennsylvania Class by failing to pay them for each hour they worked at a pre-established (contractual) regularly hourly rate;

j. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the collective action Class and the Rule 23 Pennsylvania Class the full amount of damages and liquidated damages available by law and providing an incentive award for the lead plaintiff and/or other plaintiffs who are instrumental to the litigation;

k. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

l. Awarding pre- and post-judgment interest to Plaintiff on these damages;

and

m. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, JEFFREY SAWYER, individually and on behalf of all others similarly situated, by and through his attorney, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: October 28, 2016

By: _____
Jason T. Brown
Nicholas Conlon *(PHV)*
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (877) 561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com