## **CONFIDENTIAL SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement ("**Agreement**" or "**Settlement Agreement**") is made and entered into by Jeffrey Sawyer, Angel Colon, Crystal Hamilton, Felicia Kissinger, Anthony Kreitz, and Frederick Stallings, collectively and individually, on behalf of themselves, their agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees (each a "**Claimant**" and, collectively, "**Claimants**") and Home Care Solutions at Home and Lincare Inc., ("**Defendants**") (collectively, "**Parties**").

**WHEREAS**, Plaintiff Jeffrey Sawyer instituted a civil action, Case No 5:16-cv-05674-JFL, against Defendants for alleged unpaid wages and overtime in the United States District Court for the Eastern District of Pennsylvania (the "**Court**") on October 31, 2016 (the "**Lawsuit**");

**WHEREAS**, Angel Colon, Crystal Hamilton, Felicia Kissinger, Anthony Kreitz, and Frederick Stallings later filed opt-in consents to become party Claimants to the Lawsuit;

**WHEREAS**, Defendants deny all of the claims and allegations set forth in the Lawsuit and do not admit liability, damages of any kind, or that this matter is properly styled or pursued as a collective action;

**WHEREAS**, the Claimants and Defendants wish to resolve this matter and avoid the disruption and expense of further litigation;

**WHEREAS**, Claimants have agreed to settle their claims for the full amount of wages allegedly due;

**WHEREAS**, the Claimants and Defendants desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Defendants, to effect a full, complete, final, and binding settlement and compromise of all claims that Claimants may have against Defendants, whether or not asserted in the Lawsuit, from the beginning of time through the date of entry of this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, the Claimants and Defendants agree as follows:

1. **NON-ADMISSION AND DISMISSAL WITH PREJUDICE.**

    1.1. This Agreement shall not in any way be construed as an admission that Defendants acted wrongfully with respect to Claimants or any other person, or violated any law, rule, or regulation or that Claimants have any rights whatsoever against Defendants and Defendants specifically disclaim any liability to or wrongful acts against Claimants or any other person. Furthermore, this Agreement was made to avoid the time and expense of litigation and does not constitute an adjudication of the merits of the Lawsuit, or an adjudication of any other matters released in this Agreement. Accordingly, this Agreement cannot be used in any way to imply or evidence that Defendants have engaged in any

1

wrongdoing. Further, Defendants expressly deny that they owe Claimants any wages or liquidated damages or other relief sought in this action.

1.2. The Claimants and Defendants agree that they shall file a Joint Stipulation of Dismissal with Prejudice.

1.3. If the Court does not require that this Agreement be filed or otherwise submitted for its review and/or approval, then the Parties shall cooperate to ensure that the Gross Settlement Amount is not identified, described, or referenced in submissions to or communications with the Court.

1.4. If the Court requires that this Agreement be filed or otherwise submitted for its review and/or approval, the Parties shall cooperate to request that the Court permit them to file this Agreement under seal or review it in camera.

2. **FINANCIAL TERMS OF AGREEMENT.**

2.1. In exchange for the promises made by and in consideration for the terms entered into by Claimants in this Agreement, Defendant Lincare agrees to pay Claimants the sum of $21,900.01 (the "**Gross Settlement Amount**"), payable to each Claimant as set forth in Addendum A hereto; no later than ten (10) business days after the date that all of the following have occurred: (i) the Court has dismissed the Lawsuit with prejudice; (ii) all Claimants have signed this Agreement and provided Defendants' counsel with the original executed Settlement Agreement; and (iii) Claimants' counsel and Claimants have provided executed IRS W-9 Forms to Defendants' counsel.

2.2. The Gross Settlement Amount shall be allocated to Claimants in the individual amounts set forth in each Claimant's Acceptance and Verification Page to this Agreement below, and Claimants' counsel will petition the Court for attorneys' fees and litigation expenses and Defendant Lincare will object to such petition. Claimants and their counsel agree and stipulate that the petition for fees and litigation expenses will not exceed $110,000.00, and that Defendants reserve the right to object to the petition for fees and litigation expenses. This stipulation is a material term of the Parties' Agreement, without which the Parties could not have reached a settlement.

2.3. Claimants acknowledge that the Gross Settlement Amount constitutes a complete resolution of any and all claims they may have against Defendants, including, but not limited to, all their claims under the federal Fair Labor Standards Act and Pennsylvania law. Claimants acknowledge that they are responsible for any tax payments which may be required to be made on the settlement amounts and agree to indemnify and hold Defendants harmless with respect to any taxes, interest, or penalties related to those portions of the Gross Settlement Amount that are not wages. Defendants make no warranty or representation to Claimants or their attorney(s) regarding the tax consequences of these payments.

Doc ID: 5b30fb3cb0ee293dd7f9921d358c492777b33bd9

2.4. The Parties agree that, except as otherwise provided in Subparagraph 2.2, the Parties will bear their own attorneys' fees and costs incurred as a result of the Lawsuit and its settlement, and neither of the Parties owes the other fees or costs.

3. **WAIVER AND RELEASE OF CLAIMS.**

3.1. In exchange for the consideration described in Subparagraph 2.1, the receipt and sufficiency of which Claimants hereby acknowledge, Claimants forever, irrevocably, and unconditionally waive, release, and discharge Defendants, their predecessors, successors, all former, current, and future related companies, divisions, subsidiaries, affiliates, and parents, and, collectively, their respective former, current, and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, insurers, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "**Released Parties**"), of and from, any and all claims under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, or any other wage-related statute arising out of Claimants' alleged employment with Defendants ("Released Claims").

3.2. Claimants represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any of the Released Claims. Claimants agree to indemnify and hold the Released Parties harmless from and against any and all claims suffered or incurred by any of them based on, arising out of, or in connection with any such assignment, transfer, or purported assignment or transfer.

3.3. Claimants acknowledge and agree that the Waiver and Release of Claims in this Paragraph 3 is an essential and material term of this Agreement without which the Parties could not have reached a settlement. Claimants affirm that they understand and acknowledge the significance and consequence of Paragraph 3.

4. **COVENANT NOT TO SUE.**

4.1. A "covenant not to sue" is a legal term that means a party promises not to file a lawsuit against another in court. It is different from the Waiver and Release of Claims contained in Paragraph 3.

4.2. In exchange for the consideration described in Paragraph 2 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Claimants further agree never to institute any lawsuit, complaint, proceeding, grievance, or action of any kind at law, in equity, or otherwise in any court of the United States, any state, or any municipality against any of the Released Parties for any of the Released Claims. Claimants also agree that they will not join, participate in, or consent to opt into any FLSA action by claiming that they are similarly situated to any of the Released Parties' current or former employees or contractors, and that they will elect to opt out of any state law action against any of the Released Parties of which they are involuntarily made a member or participant.

4.3. If any Claimant violates Subparagraph 4.2 by filing, joining, participating, or opting into any lawsuit against any of the Released Parties for any Released Claims, that Claimant shall be liable to any and all Released Parties that are party to the lawsuit for such Released Parties' reasonable attorneys' fees and other costs incurred in defending against the lawsuit. Alternatively, if any Claimant sues, or joins, participates, or opts into any lawsuit against, any of the Released Parties for any Released Claims, that Claimant may be required, at the option of such Released Parties, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to that Claimant pursuant to this Agreement, which amount each Claimant expressly acknowledges constitutes good and valuable consideration for all of the promises and covenants in this Agreement.

4.4. Nothing in Subparagraph 4.3 shall apply to prohibit a Claimant from suing to enforce the terms of this Agreement.

4.5. Nothing in Subparagraph 4.3 precludes or restricts Defendants and the Released Parties, collectively or separately, from seeking any and all damages, injunctive relief, and/or other remedies against the Claimants for violation of any paragraph of this Agreement.

4.6. Claimants acknowledge and agree that the Covenant Not to Sue in this Paragraph 4 is an essential and material term of this Agreement without which the parties could not have reached a settlement. Claimants affirm that they understand and acknowledge the significance and consequence of Paragraph 4.

5. **CONFIDENTIALITY.**

5.1. Claimants agree that this settlement was reached through a confidential settlement conference and continued discussions and that they shall keep strictly confidential this Agreement, the Gross Settlement Amount, and all other terms and provisions of this Agreement, and all discussions, conversations, correspondence, and negotiations concerning and/or leading to the execution of this Agreement ("**Confidential Information**"). Claimants shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any Confidential Information, except to their spouses, their attorneys, their tax advisors, or as required by law.

5.2. Except for the narrow circumstances described in Subparagraph 5.1, Claimants agree that in response to any inquiries regarding Confidential Information, Claimants will simply state that the matter has been resolved and will make no other comments.

5.3. If any Claimant is subpoenaed or otherwise required by process of law to disclose any Confidential Information, he or she must provide Defendants' counsel with notice of the subpoena or other court process within three (3) days of receipt of the subpoena or notice of process. This notice obligation shall be satisfied by delivering notice to Defendants' counsel by mail to: Marilyn G. Moran,

Doc ID: 5b30fb3cb0ee293dd7f9921d358c492777b33bd9

FordHarrison LLP, 300 S. Orange Avenue, Suite 1300, Orlando, FL, 32814. Such notice shall include, at a minimum: (i) an explanation that the Claimant is being required by process of law to disclose information prohibited from disclosure by this Agreement; (ii) identification of the date, court, and proceeding in which the Claimant is being required to disclose such information; and (iii) a copy of the subpoena or other documentation of such service of process.

5.4. Nothing in this Paragraph 5 precludes or restricts Defendants from seeking any and all damages, injunctive relief, and/or other remedies against Claimants for violation of any paragraph of the Agreement.

6. **EMPLOYMENT RELATIONSHIP.**

6.1. Claimants agree to never knowingly seek rehire or employment, either directly, through a temporary agency, or by any other method, with Defendants, their present or future parent companies, subsidiaries, or any of the other Released Parties.

6.2. Claimants agree that this Agreement is sufficient and legal cause for termination of their employment should they be inadvertently hired by one of the companies described in Subparagraph 6.1.

6.3. Claimants agree that the limitations in this Paragraph 6 on their future employment and contractual rights are justified under the relevant facts and circumstances.

7. **EFFECTIVE DATE.**

7.1. The "**Effective Date**" shall be defined as the day after all of the following occurs: (a) each Claimant executes this Agreement, (b) ten (10) days have elapsed following the execution of the Agreement by all Claimants and said Claimants have not revoked their acceptance; and (c) the Court dismisses the Lawsuit with prejudice.

7.2. Claimants acknowledge that they have thoroughly read the entire Agreement, and specifically acknowledge the following:

7.2.1 They understand the language of the settlement agreement and release, and that any questions they may have had during their review of the Agreement were explained to their satisfaction and understanding by retained legal counsel of their choosing;

7.2.2. They understand that they are not waiving any rights or claims that may arise after the date this settlement agreement and release is executed;

7.2.3. The waiver of rights and claims in this Agreement is in exchange for good and valuable consideration in addition to that which they may already be entitled;

Doc ID: 5b30fb3cb0ee293dd7f9921d358c492777b33bd9

    7.2.4.    They have been advised to and had the opportunity to consult legal counsel of their choosing prior to executing this Agreement;

8. **OTHER AGREEMENTS BY CLAIMANTS.**

    8.1.    Each Claimant acknowledges and agrees that:

    8.1.1.    He or she is waiving his or her right to participate in any class or collective action against Defendants and/or the other Released Parties regarding any of the Released Claims;

    8.1.2.    The settlement is contingent upon the full execution of this Agreement by all Claimants and dismissal of the Lawsuit with prejudice. If either of these conditions is not met, then this Agreement will become void and invalid as to all Parties, and Lincare's obligation to pay the consideration described in Subparagraph 2.1 shall cease.

9. **ENTIRE AGREEMENT.**

    9.1.    The Parties acknowledge and agree that this Agreement includes each Claimant's Acceptance and Verification of Settlement Agreement, attached hereto for each Claimant's execution.

    9.2.    The Parties agree that this Agreement sets forth the entire agreement between the Parties regarding settlement of the Lawsuit, including the Released Claims, and supersedes any other written or oral statements, representations, communications, understandings, promises, or agreements between the Parties.

    9.3.    The Parties agree that no amendment or modification of this Agreement shall be binding on the Parties unless reduced to writing and signed by all Parties.

10. **CONSTRUCTION AND INTERPRETATION.**

    10.1.    The Parties agree that this Agreement shall be interpreted and construed in accordance with the laws of the State of Florida.

    10.2.    The Parties acknowledge and agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Agreement.

    10.3.    The Parties agree that the headings of the Paragraphs in this Agreement are intended for convenient reference only, and the same shall not be, or deemed to be, interpretative of the contents or scope of such provisions.

Doc ID: 5b30fb3cb0ee293dd7f9921d358c492777b33bd9

11. **SEVERABILITY.**

    11.1.    The Parties agree that if any phrase, clause, or provision of this Agreement, other than the Waiver and Release of Claims in Paragraph 3 and the Covenant Not to Sue in Paragraph 4, is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement and this Agreement shall be nullified at the option of Defendants, upon which Claimants must return all monies paid by Lincare under their Agreement.

12. **EXECUTION.**

    12.1.    The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

    12.2.    CLAIMANTS FURTHER STATE AND AGREE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT; THAT THEY HAVE HAD IT REVIEWED BY THEIR ATTORNEY; THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEY; THAT THEY FULLY UNDERSTAND THE FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO THEM TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; THAT THEY HAVE HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT; AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING DEFENDANTS FROM ANY AND ALL CLAIMS.

**(Signatures on Following Pages)**

Doc ID: 5b30fb3cb0ee293dd7f9921d358c492777b33bd9

**For Defendants:**                                **For Claimants:**

_____                          _*/s/ Jeffrey Sawyer*_____
Title: _____                   Jeffrey Sawyer
Date: _____                    Date: 11/20/2018

                                                   _____
                                                   Angel Colon

                                                   Date: _____

                                                   _____
                                                   Crystal Hamilton

                                                   Date: _____

                                                   _____
                                                   Felicia Kissinger

                                                   Date: _____

                                                   _____
                                                   Anthony Kreitz

                                                   Date: _____

                                                   _____
                                                   Frederick Stallings

                                                   Date: _____

WSACTIVELLP:10109448.1

For Defendants:

Title: _____

Date: _____

For Claimants:

_____
Jeffrey Sawyer

Date: _____

*Angel L. Colon*
_____
Angel Colon

Date: 11/26/2018

_____
Crystal Hamilton

Date: _____

_____
Felicia Kissinger

Date: _____

_____
Anthony Kreitz

Date: _____

_____
Frederick Stallings

Date: _____

WSACTIVELLP:10109448.1

-8-

Doc ID: 2087666f8e3fe5f9e7bdfeb79c145abc08141a7f

-8-

**For Defendants:**

Title: _____

Date: _____

**For Claimants:**

_____
Jeffrey Sawyer

Date: _____

_____
Angel Colon

Date: _____

_____*[signature]*_____
Crystal Hamilton

Date: 11/20/2018

_____
Felicia Kissinger

Date: _____

_____
Anthony Kreitz

Date: _____

_____
Frederick Stallings

Date: _____

WSACTIVELLP:10109448.1

-8-

**For Defendants:**

Title: _____

Date: _____

**For Claimants:**

_____
Jeffrey Sawyer

Date: _____

_____
Angel Colon

Date: _____

_____
Crystal Hamilton

Date: _____

*Felicia Kissinger*
_____
Felicia Kissinger

Date: 11/20/2018

_____
Anthony Kreitz

Date: _____

_____
Frederick Stallings

Date: _____

WSACTIVELLP:10109448.1

**For Defendants:**

Title: _____

Date: _____

**For Claimants:**

_____
Jeffrey Sawyer

Date: _____

_____
Angel Colon

Date: _____

_____
Crystal Hamilton

Date: _____

_____
Felicia Kissinger

Date: _____

_____*(signature)*_____
Anthony Kreitz

Date: 11/20/2018

_____
Frederick Stallings

Date: _____

WSACTIVELLP:10109448.1

Doc ID: 360bf535762705624551f321dd86e52cb75830b2

| For Defendants: | For Claimants: |
|---|---|
| | _____ |
| _____ | Jeffrey Sawyer |
| Title: _____ | Date: _____ |
| Date: _____ | _____ |
| | Angel Colon |
| | Date: _____ |
| | _____ |
| | Crystal Hamilton |
| | Date: _____ |
| | _____ |
| | Felicia Kissinger |
| | Date: _____ |
| | _____ |
| | Anthony Kreitz |
| | Date: _____ |
| | _____*signature*_____ |
| | Frederick Stallings |
| | Date: 11/27/2018 |

WSACTIVELLP:10109448.1

-8-