# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY SAWYER,** *on behalf of himself and all others similarly situated,* | |
| Plaintiff, | |
| vs. | Case No. 5:16-cv-05674-JFL |
| **HEALTH CARE SOLUTIONS AT HOME INC. d/b/a LINCARE and LINCARE INC.** | |
| Defendants. | |

<u>**DECLARATION OF JASON T. BROWN IN SUPPORT OF PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES**</u>

I, Jason T. Brown, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      Throughout this matter, I have been the head of Brown, LLC (formerly JTB Law Group, LLC) and the firm's senior litigator.  I make this declaration based upon my personal knowledge of this matter in support of Plaintiffs' Motion for Attorneys' Fees and Expenses.

2.      The following chart indicates the rates and hours expended by each attorney and/or assistant who has worked on this matter:

| Person | | Hours | Rate | Total |
|---|---|---:|---|---:|
| Jason Brown | Head of Firm | 57.30 | $600.00 | $34,380.00 |
| Irene Chan | Associate | 0.20 | $200.00 | $40.00 |
| Nicholas Conlon | Associate | 187.30 | $300.00 | $56,190.00 |
| Zigian Guan | Associate | 0.10 | $350.00 | $35.00 |
| Benjamin Lin | Associate | 125.90 | $220.00 | $27,698.00 |
| Tony Teng | Associate | 4.90 | $280.00 | $1,372.00 |
| Sueherminia Colon | Assistant | 0.20 | $150.00 | $30.00 |
| Esmerelda Pereyra | Assistant | 0.40 | $150.00 | $60.00 |
| Vanessa Reyes | Assistant | 0.10 | $150.00 | $15.00 |
| Osmara Suazo | Assistant | 1.80 | $150.00 | $270.00 |
| Bernardo Valdez | Assistant | 9.50 | $150.00 | $1,425.00 |
| Christy Weser | Assistant | 0.80 | $150.00 | $120.00 |
| Rebecca Mahabir | Assistant | 1.50 | $150.00 | $225.00 |
| **Total** | | 388.50 | | $121,635.00 |

1

3.     The qualifications of Brown, LLC and the attorneys and assistants who worked on this matter are described in the "Firm Resume." *See* **Exhibit A**.

4.     An itemized summary of the time each attorney and/or assistant expended on this matter is submitted herewith as **Exhibit B.** All entries contained therein were kept contemporaneously over the course of the litigation.

5.     An itemized summary of the expenses Brown, LLC has incurred throughout this lawsuit is submitted herewith as **Exhibit C.** Brown, LLC has incurred $2,795.76 in expenses to date, and anticipates incurring at least $57.30 in additional mailing expenses for mailing the Plaintiffs their settlement checks.

6.     Brown, LLC began its representation of Named Plaintiff Jeffrey Sawyer in September 2016, at which time it entered into a contingent-fee retainer with him.

7.     Pursuant to the contingent-fee retainer, Brown, LLC has litigated this entire manner on a contingent-fee basis, and has advanced all expenses and expended all of the time described herein despite no guarantee of receiving payment.

8.     In September 2016, Brown, LLC spent 10.6 hours conducting a pre-filing investigation, including interviewing Plaintiff Sawyer and potential witnesses, researching Defendants and prior lawsuits against them, reviewing Plaintiff's paystubs, and researching the applicability of the motor carrier exemption as well as Plaintiff's claims under Pennsylvania law.

9.     From September through October 2016, Brown, LLC spent 20.8 hours preparing the Collective and Class Action Complaint, which was filed on October 31, 2016. (Doc. 1). The Complaint contains specific examples of weeks in which Plaintiff worked overtime and was not paid time-and-a-half of his regular rate, as well as allegations regarding the inapplicability of the motor carrier exemption.

10.     From November 2016 through May 2017, Brown, LLC spent 141.6 hours preparing and litigating Plaintiff's Pre-Discovery Motion for Conditional Certification and Court-Supervised Notice Pursuant to 29 U.S.C. § 216(b) (Doc. 19), including preparing declarations for Plaintiff Sawyer and Justin Schenk, compiling job descriptions from the company website, and drafting an extensively-researched brief. Plaintiffs' Counsel expended further time opposing Defendants' request to extend the time to oppose (because Defendants refused to enter into a tolling agreement) (Doc. 21), reviewing Defendants' 214-page opposition which included a staggering 12 happy camper declarations, (Doc. 25), and preparing a reply brief. (Doc. 26).

11.     On April 26, 2018, the Court conditionally certified a putative FLSA collective comprised of "[a]ll current and former hourly Service Representatives (drivers) and Customer Service Representatives who worked for Defendants at Defendants' Hanover, Harrisburg, Lancaster, Wyomissing, and/or York locations in Pennsylvania at any time on or after March 15, 2014." (Doc. 35 at ¶ 1). On July 19, 2018, the notice was sent via US mail to the 54 potential collective members identified by Defendants. Two individuals opted in on August 6, 2018, and another three opted in on August 20, 2018. As a result of the notice process, the FLSA collective currently stands at 6 plaintiffs (including Sawyer).

12.     Throughout the case, Defendants repeatedly relied on the class waiver agreements each Plaintiff had allegedly signed in arguing against collective certification. After the Initial Conference, Plaintiffs' counsel also prepared a letter (submitted to chambers on June 9, 2017) regarding the United States Supreme Court's grant of certiorari in *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), cert. granted, 137 S. Ct. 809, 196 L. Ed. 2d 595 (U.S. Jan. 13, 2017)), as well as an opposition to Defendants' motion for reconsideration (Doc. 37), in which Defendants relied on the Supreme Court's decision in *Epic Systems* in urging the Court to

reconsider its prior order granting conditional certification. Brown, LLC spent 30.3 hours litigating this issue, in addition to the time spent researching and briefing this issue in connection with the motion for conditional certification.

13.     From July through October 2018, the parties conducted discovery. Brown, LLC spent 22.7 hours on written discovery, which included preparing and serving requests for production of documents and interrogatories, and also preparing responses to same on behalf of Plaintiff Sawyer. After receiving Defendants' responses and document production, Plaintiffs' counsel reviewed and audited Defendants' responses and documents, and met and conferred regarding various deficiencies in Defendants' response, including objections to the geographic scope of Plaintiff's discovery requests and failure to provide certain contact information for potential witnesses. In addition, Brown, LLC expended 42 hours on depositions, including the depositions of Plaintiff Sawyer and witness Justin Schenk. In addition, Brown, LLC conferred with the Opt-in Plaintiffs regarding their availability for depositions Defendants sought to take in October 2018, prepared  a Fed. R. Civ. P. 30(b)(6) notice to Defendants as well as individual deposition notices to three of Defendants' managers, and expended additional time conferring with Defendants' counsel regarding the time and place for such depositions.

14.     Based on the information and documents Brown, LLC received in discovery, as well as on interviews with Plaintiffs, Brown, LLC prepared a damage estimate based on the assumption that each Plaintiff worked approximately two unpaid 30 minute meal breaks per week, equating to 1 hour of damages per week. Multiplying 1 hour times each Plaintiff's overtime rate for each week from November 1, 2013 through present yields a total damage estimate of $27,856.94, inclusive of liquidated damages. This figure likely exceeds what Plaintiffs would recover at trial (even assuming they prove 1 hour of off-the-clock work per week) because: (i) it

assumes the Plaintiffs worked at least 40 hours in every week (or in other words, that the Plaintiffs never took days off for holidays, vacations, or illnesses); (ii) it is based on a recovery period of three years prior to the complaint through present, notwithstanding the fact that under the FLSA a 2-year recovery period applies unless Plaintiffs can establish willfulness, and the 2-year period runs from the filing of each Plaintiff's consent form, not the filing of the complaint  (a difference of nearly 2 years in this case);  and (iii) it assumes that Plaintiffs would recover liquidated damages, notwithstanding Defendants' "good faith" defense. Defendants estimate that Plaintiffs' maximum recovery was $12,322 in actual damages and $24,644 including liquidated damages.

15.     Brown, LLC vigorously represented the Plaintiffs, despite the low amounts they stood to recover and the possibility they would be dismissed from the case for reasons including being found time-barred under the FLSA's statute of limitations, Defendants' enforcement of its class-waiver agreement, and/or failure to appear for their depositions.

16.     Shortly after the opt-in period closed, Brown, LLC recognized the low amount of damages at stake and efficiently negotiated a settlement of $21,900.01  exclusive of attorneys' fees and costs, which provides each Plaintiff 78.62% – 88.87% of his or her maximum potential damages. The settlement only overs the claims of six Plaintiffs, each of whom has signed his or her Acceptance and Verification Form, and does not purport to settle any claims of absent class members pursuant to Fed. R. Civ. P. 23.

17.     The Settlement Agreement provides that Brown, LLC will petition the Court for up to $110,000 in in attorney's fees and litigation expenses, to be awarded in addition to the $21,900.01  allocated to Plaintiffs.

18.     In an effort to avoid motion practice regarding attorneys' fees, Brown, LLC sent its itemized time and expense records to Defendants' counsel and made several proposals to over the

course of December 2018 to February 2019 to agree on an amount Brown, LLC should receive for attorneys' fees and expenses. These efforts were unsuccessful. As part of these discussions, Brown, LLC requested that Defendants' share their billing records, but Defendants refused to do so.

19.     I declare under penalty of perjury that the statements above are based upon my own personal knowledge, information and belief.


Dated: April 23, 2019

                                        /s Jason T. Brown_____
                                        Jason T. Brown

# EXHIBIT A



# FIRM RESUME



BROWN
LLC
IF IT'S NOT RIGHT, WE'LL FIGHT!™

111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

# ABOUT THE FIRM

Brown, LLC founded in 2013, is an aggressive, methodical law firm headed by Jason T. Brown, a former Legal Advisor and Special Agent with the FBI. Mr. Brown is a distinguished trial attorney who has recovered millions of dollars for his clients. Experienced and personable, Brown LLC's litigation team works passionately to promote fairness in the judicial system and obtain justice for their clients. The firm is dedicated to providing the best possible representation for their clients through relentless pursuit of justice, non-stop work ethic, and emphasis on litigation fundamentals.

## PRACTICE AREAS

- Background Checks
- Class and Collective Actions
- Commercial Litigation
- Consumer Protection/Consumer Rights
- Dangerous Drugs and Medical Devices
- Discrimination (race, gender, national origin, etc.)
- Construction Accidents
- Products Liability
- Employment Litigation
- ERISA Litigation
- Fair Credit Reporting Act
- Fair Labor Standards Act
- False Claims Act Litigation
- FELA Litigation
- IRS, SEC and Cryptocurrency Whistleblowers
- Labor Violations
- Medical Malpractice
- Nursing Home Injuries
- Qui Tam Retaliation
- Sexual Harassment
- Truck, Train, Motorcycle, and Car Accident Litigation
- WARN Act
- Wage and Hour Litigations
- Whistleblower Retaliation
- Wrongful Death

## REPRESENTATIVE MATTERS

- *Atkinson v. Teletech*, No. 14-cv-253 (S.D. Ohio) (Nationwide class and collective action wage-and-hour settlement on behalf of at-home telephone customer service employees)

- *Beasley v. Over Easy Management Inc., et al*., No. 14-cv-00366 (E.D. Tenn.) (Collective action wage-and-hour settlement on behalf of servers and cooks of a restaurant franchise operating in nine states)

- *Calnan, et al v. Veolia Energy North America LLC*, No. 1:12-cv-11412-WGY (D. Mass.) (Rule 23 Class and FLSA Collective Counsel for union workers who were not paid overtime)



111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

• *Cerrato v. Alliance Material Handling Inc. et al*, No. 1:13-cv-02774-WDQ (D. Md.) (FLSA Collective Counsel for forklift technicians who were allegedly not paid overtime)

• *Dennis Slater v. Starteldm, LLC, et al.*, No. 2:13-cv-01092-LPL (W.D. Penn.) (Class and collective action wage-and-hour settlement brought on behalf of call center employees)

• *Downard, et al. v. Reno's, Inc., et al.*, No. 1:16-cv-00927 (W.D. Mi.) (Collective action wage-and-hour settlement brought on behalf of restaurant employees)

• *Dunagan v. Ryder Integrated Logistics, Inc.*, No. 4:13-cv-03496 (S.D. Tex.) (FLSA Collective Counsel for dispatchers misclassified as exempt employees)

• *English, et al. v. ALSCO, Inc.*, No. 1:16-cv-04910 (N.D. Ill.) (Collective action wage-and-hour lawsuit brought on behalf of delivery managers misclassified as exempt employees)

• *Eshelman, et al. v. Client Services, Inc., et al.*, No.: 0822-cv-00763 (22nd Judicial District, Mo Circuit Ct.) (Class Counsel for debt collection employees)

• *Gittens v. RM HQ LLC d/b/a Chevy's Fresh Mex and Doug Griebel*, No. 13-cv-04649 (S.D. NY) (Class action and FLSA Collective Counsel brought on behalf of restaurant employees)

• *Hodge v. Signia Marketing, LTD, et al.*, No.: 1:15-cv-02839 (D. Colo.) (FLSA Collective Counsel for call center workers)

• *In Re Nuvaring® Products Liability Litigation*, No. 4:08-md-1964 RWS (E.D. Mo) (Member of the Plaintiffs' Steering Committee; liaison counsel in MDL and a state mass tort action)

• *In Re: AON Corp. Wage & Hour Empl. Practices Litig.*, No. 2008-cv-05802 (N.D. Ill.) (Rule 23 and FLSA Collective Counsel for workers)

• *Johnston et al. v. The Rawlings Co. LLC et al.*, No.: 08-CI-0800 (Oldham Cir. Ct., Ky) (FLSA Collective Counsel for call center workers)

• *Langer et al. v. DeWolff Boberg & Associates Inc.*, No.: 3:10-cv-00956 (N.D. Tex.) (FLSA Collective Counsel for employees)

• *Lambert, et al v. Sykes Enterprises Inc.*, No. 2011-cv-00850 (E.D. Ark.) (Class and collective action wage-and-hour settlement brought on behalf of call center employees)

• *Miller, et al. v. Aon Risk Services Companies, Inc., et al.*, No. 1:08-cv-05802 (N.D. Il.)(Class Counsel for employees)



**111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS**
**WWW.IFIGHTFORYOURRIGHTS.COM**

- *Orakwue et al v. Selman Associates, LTD, et al.*, No. 2013-cv-00052 (W.D. Tex.) (FLSA Collective Counsel for employees)

- *Shaver v. Gills Eldersburg, Inc. et al*, No. 1:14-cv-03977-JMC (D. Md.) (Class and collective Counsel on behalf of employees)

- *U.S. ex rel. Reiches v. Hagee*, No. 16-cv-1185 (S.D. Ohio) (Counsel for relator in qui tam litigation against a dentist for Medicaid fraud.)

- *Voss v. Alcon Laboratories, Inc.,* 16-cv-01040 (D. Minn.) (Collective action wage-and-hour settlement on behalf employees)



**BROWN** LLC

*IF IT'S NOT RIGHT, WE'LL FIGHT!™*

111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS

WWW.IFIGHTFORYOURRIGHTS.COM

# OUR ATTORNEYS

**_Jason T Brown_**
Senior Litigator
Founder and Head of the Firm

| **Federal Bar Admissions** | | **State Bar Admissions** |
|---|---|---|
| • N.D. Fla. | • N.D. OH. | • District of Columbia |
| • E.D. Mi. | • E.D. Pa. | • Illinois |
| • W.D. Mi. | • W.D. Pa. | • New Jersey |
| • N.D. Ill. | • M.D. Pa. | • New York |
| • D.N.J. | • W.D. Wis. | • Pennsylvania |
| • E.D.N.Y. | • E.D. Wis. | |
| • S.D.N.Y. | • 1st Cir. | **Education** |
| • N.D.N.Y. | • 3rd. Cir. | Rutgers School of Law-Camden, *Juris Doctor*, 1996 *(cum laude)* |
| • W.D.N.Y. | | |

Jason T. Brown is the founder and head of Brown, LLC, and the firm's senior litigator. He has been practicing law for over twenty (20) years, since 1996, often handling complex civil ligation and class actions, with many wage and hour class and collective actions certified and successfully settled.

He also served as a Legal Advisor and Special Agent for the Federal Bureau of Investigation (FBI) and obtained millions of dollars for his clients.  He also served as a law clerk in 1996 to the Honorable Judge Thompson. He has successfully litigated collective and class actions nationwide as the lead counsel in state and federal proceedings with each case having its own level of complexity.



111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

### *Zijian ("Coco") Guan*
Associate
Chair, Mass Tort Department

**Federal Bar Admissions**
- E.D.N.Y.
- S.D.N.Y.

**State Bar Admissions**
- District of Columbia
- New York

**Education**
- Fordham University School of Law, *L.L.M.,* 2010 (*magna cum laude*)
- Beijing Foreign Studies University, 2009

Zijian "Coco" Guan, primarily works on class and collective actions and mass torts. Ms. Guan's representatives matters include: (1) successful and ongoing representation of plaintiffs who sustained blood clots (i.e., deep vein thrombosis, pulmonary embolism) as a result of using Yaz, Yasmin, Gianvi, Ocella, and Nuvaring birth control; (2) representation of plaintiffs who sustained spontaneous femur fractures and osteonecrosis of the jaw as a result of using Fosamax/Alendronate; (3) successful representation of plaintiffs employed as Customer Service Representatives in a wage and hour class action for unpaid overtime compensation; (4) successful representation of plaintiff who was discriminated against by a former employer based on race.

### *Nicholas Conlon*
Associate
Chair, Wage and Hour Department

**Federal Bar Admissions**
- D. Col.
- E.D. Mi.
- W.D. Mi.
- N.N.D.
- E.D.N.Y.
- S.D.N.Y.
- W.D. Wis.
- E.D. Wis.

**State Bar Admissions**
- New Jersey
- New York

**Education**
Benjamin N. Cardozo School of Law, *Juris Doctor*, 2012

After graduating from Benjamin N. Cardozo School of Law in June 2012, Nicholas Conlon served as a Volunteer Assistant in the Public Utilities Section for the New Jersey Attorney General. Mr. Conlon joined Brown, LLC as an Associate in 2014. As an Associate with the firm, Mr. Conlon has litigated many cases and has obtained fair, hard-fought settlements for his clients. He focuses on collective and class action litigation including wage-and-hour litigation and helps oversee the firm's Fair Labor Standards Act ("FLSA") practice. He is currently counsel of record for several nationwide wage-and-hour collective actions. Mr. Conlon has litigated numerous cases under various consumer protection laws, including the Fair Credit Reporting Act.



**BROWN** LLC

IF IT'S NOT RIGHT, WE'LL FIGHT!™

111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

### *Patrick ("Pat") Almonrode*
Associate
Chair, *Qui Tam* (Whistleblower) Department

| **Federal Bar Admissions** | **State Bar Admissions** |
|---|---|
| • D. Col. | • New York |
| • E.D.N.Y. | |
| • S.D.N.Y. | **Education** |
| • Fed. Cir. | Fordham University School of Law, *Juris Doctor,* 2004 (*cum laude*) |

Patrick "Pat" Almonrode has spent years litigating tirelessly to protect his clients' rights. After a successful career as a visual artist, he attended Fordham University School of Law, where he earned his Juris Doctorate with *cum laude* honors. He later clerked for Barbara S. Jones, a judge of the Federal District Court of the Southern District of New York.

Mr. Almonrode has experience in general commercial litigation, having worked at two mid-size New York firms. He also has experience in civil rights litigation as he served as a staff attorney at Children's Rights, where he helped litigate several large class action lawsuits on behalf of abused and neglected foster children.

At Brown, LLC, his main focus is on "whistleblower" lawsuits on behalf of individuals reporting fraud on the government. He approaches all of his cases – big and small – with diligence, care, and a passion for justice. He is also a member of the Association of the Bar of the City of New York, and the New York County Lawyers Association.

### *Ching-Yuan ("Tony") Teng*
Associate

| **Federal Bar Admissions** | **Education** |
|---|---|
| • E.D.N.Y. | American University Washington College of Law, *L.L.M.*, 2008 |
| • S.D.N.Y. | |

**State Bar Admissions**
• New York

Tony Teng has been a law clerk to Jason T. Brown and the firm for over 9 years after obtaining his L.L.M. degree from American University Washington College of Law in 2008. Mr. Teng is extensively involved in most of the firm's wage and hour cases, including major Rule 23/FLSA collective action lawsuits filed nationwide.

Mr. Teng is a tireless worker who has dedicated his life and career to fighting for people's rights. He has experience in diverse fields of civil litigation including labor and employment, consumer



**BROWN**
LLC
*IF IT'S NOT RIGHT, WE'LL FIGHT!™*

111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

fraud, personal injury, products liability and commercial litigation. At Brown, LLC, he has worked extensively on complex mass tort pharmaceutical lawsuits and class/collective actions various other simple and complex litigations.

### *Benjamin Lin*
Associate

| **State Bar Admissions** | **Education** |
| --- | --- |
| New Jersey | Columbia Law School, |
|  | *Juris Doctor*, 2016 |

Benjamin Lin is focused on representing plaintiffs in whistleblower litigation, also known as *qui tam* litigation, addressing fraud upon the government, securities fraud, and tax fraud. He also works on employment matters including wage and hour litigation under the Fair Labor Standards Act and overtime rights. He is diligent and relentless on behalf of his clients.



111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

# OUR SUPPORT STAFF

### _Helen Cheng_
Senior Manager

Helen Cheng has worked for Brown, LLC as a Financial Analyst/Paralegal since the firm was founded in 2013. Ms. Cheng is a Chartered Financial Analyst®, a prestigious professional designation for the top tier of financial professionals which takes many years of experience and often four to seven years of independent study to earn. She received a Bachelor of Arts from Mount Holyoke College and an advanced Master of Arts in Finance and Economics from Duke University and has more than a decade of experience working for major Wall Street financial firms, where she specialized in financial engineering and risk management. Ms. Cheng formerly was Director of Risk Management for a major financial company with global presence and thousands of employees. She assists with the formulation of accurate damage models, financial landscaping of parties and assessing other fiscal matters attendant to the litigation.

### _Sarah Koyanagi_
Operations Manager

Sarah Koyanagi is an Operations Manager and the Coordinator for the firm's Implementation, Infrastructure & Business Development Committees. Sarah trains, manages, and oversees a great team of administrative staff to ensure efficiency in daily operations. Sarah constantly creates and implements guidelines and procedures which ensure continuous productivity in the firm. In addition to her managerial and implementation role, Sarah creatively works as the coordinator of the business development and infrastructure team and proposes new ideas in multiple areas of the firm, including, but not limited to, technology, procedural, daily operations, project management, advertising, research & development, and overall quality control.

Sarah is a dedicated, hardworking, and passionate member who shares our firm's overall passion and values to fights for the rights of our clients. In addition to handling the day-to-day operations of the firm, Sarah also enjoys speaking with people about their cases and works hard to ensure that they have a voice.

### _Sueherminia Colon_
Administrative Assistant

Sue Colon is a Legal Administrative Assistant and Intake Specialist at Brown LLC for the Mass Tort Department. She primarily focuses on the development of cases in the Mass Tort Department. She maintains the integrity in her administrative duties as well as supporting operational tasks for our law firm. She enjoys assisting clients in the initial steps of securing legal representation. She takes pride in guiding clients she aides through the often-daunting legal process.



111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

### *Vanessa Reyes*
Administrative Assistant

Vanessa Reyes is a Legal Administrative Assistant and Intake Specialist for Brown LLC. She assists in many important tasks for both the mass tort and wage and hour departments. Her primary focus at the firm is to gather and evaluate all necessary records along with team administrators to analyze the viability of client's potential legal claims. She is fluent in English and Spanish and enjoys speaking with clients about their cases and making sure they receive the attention they deserve. She is passionate and devoted to preserve the rights for clients who were wrongfully treated.

### *Angiee Rosario*
Administrative Assistant

Angiee Rosario is a Legal Administrative Assistant for the Qui Tam Department and Team Lead for Mass Tort Department, overseeing and directly working on matters such as Xarelto, IVC, Talcum Powder/Ovarian Cancer, and Hernia Mesh. Angiee also assists with other important matters as well and is very client oriented. She graduated from New Jersey City University, with a B.A. in Criminal Justice and a Pre-Law minor. She is currently continuing her education with the law at the graduate level at John Jay College of Criminal Justice. She is fluent in English and Spanish. She is organized and motivated in helping people obtain justice.

### *Osmara Suazo*
Administrative Assistant

Osmara Suazo is a Legal Administrative Assistant and Intake Specialist for the Wage and Hour Department at Brown, LLC. She graduated from Marymount Manhattan College with a B.A. in Political Science and a minor in International Studies. Her passion for helping others has led her to pursue a career in law, with the future goal of becoming an Attorney. She is fully committed in assuring that clients receive the best possible assistance and acquired the justice they deserve.

### *Caitlin Keating*
Administrative Assistant

Caitlin Keating is a Legal Administrative Assistant working in the Mass Tort Department, as well as supporting other teams. She graduated from Rutgers University with a B.A. in Criminal Justice and a minor in Art History. She is greatly invested and passionate in working hard for the client to ensure they obtain justice. It is that commitment which fuels her work ethic.

### *Rebecca Mahabir*
Administrative Assistant

Rebecca Mahabir works as a Legal Administrative Assistant and Intake Specialist for the Wage and Hour Department. She graduated from William Paterson University with a Bachelor of



111 TOWN SQUARE PLACE, STE 400, JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

Science in Business Management and a minor in Legal Studies. She has a background in labor and community organizing and is passionate about economic justice -- so much so she wants to pursue a career as an attorney. Rebecca sees tasks through with integrity, prides herself on accountability and values working with and learning from our diverse client base.

# EXHIBIT B

| Date | Hours | Description | Person |
|---|---|---|---|
| 9/27/2016 | 0.4 | Set up new matter in clio (the practice management software) | Esmerelda Pereyra |
| 9/27/2016 | 0.4 | Completed intake w/ Jeffrey Sawyer and forwarded notes to JTB and NC for review | Benjamin Lin |
| 9/27/2016 | 0.1 | Spoke to client | Benjamin Lin |
| 9/29/2016 | 0.1 | Updated active case list with client info | Benjamin Lin |
| 9/29/2016 | 0.8 | Conducted research on whether client was exempt under motor carrier exemption due to hazardous materials. According to reg. small vehicle exception could apply because transported hazardous materials were <1000 pounds and did not require placarding | Benjamin Lin |
| 9/29/2016 | 0.5 | Discussed with Nicholas Conlon the viability of client's non-exempt claim and possibility of collective action. Researched cases to find precedent. Discussed follow up questions with client | Benjamin Lin |
| 9/29/2016 | 0.5 | Discussed with Benjamin Lin the viability of client's non-exempt claim and possibility of collective action. Researched cases to find precedent. Discussed follow up questions with client | Nicholas Conlon |
| 9/29/2016 | 0.1 | Updated Jason Brown on discussion with Nicholas Conlon  regarding client's possible non-exempt status and collective action | Benjamin Lin |
| 9/29/2016 | 0.1 | Spoke with Benjamin Lin regarding discussion with Nicholas Conlon | Jason Brown |
| 9/29/2016 | 0.5 | Discussed with Benjamin Lin the viability of client's non-exempt claim and possibility of collective action. Researched cases to find precedent. Discussed follow up questions with client | Nicholas Conlon |
| 9/29/2016 | 0.5 | Discussed with Nicholas Conlon the viability of client's non-exempt claim and possibility of collective action. Researched cases to find precedent. Discussed follow up questions with client | Benjamin Lin |
| 9/29/2016 | 0.1 | Uploaded client pay stubs to Clio | Benjamin Lin |
| 9/29/2016 | 0.1 | Spoke with client | Benjamin Lin |
| 9/30/2016 | 0.2 | Reviewed client pay stubs | Benjamin Lin |
| 9/30/2016 | 0.1 | Read and replied to client's email | Benjamin Lin |
| 9/30/2016 | 0.4 | Conducted research on client's exempt status by reading through DOT regulations. Compiled notes | Benjamin Lin |
| 9/30/2016 | 0.1 | Read and replied to client's email | Benjamin Lin |
| 9/30/2016 | 0.1 | Read client's email | Benjamin Lin |
| 9/30/2016 | 0.2 | Discussed with Tony Teng the probable size/weight of the vans client drove in regarding with small vehicle exception. Discussed calling client's co-workers | Benjamin Lin |
| 9/30/2016 | 0.2 | Discussed with Benjamin Lin the probable size/weight of the vans client drove in re: with small vehicle exception. Discussed calling client's co-workers | Tony Teng |
| 9/30/2016 | 0.2 | Spoke with client | Benjamin Lin |
| 9/30/2016 | 0.2 | Compiled notes from client calls and emails | Benjamin Lin |
| 9/30/2016 | 0.4 | Spoke with Angel Colon who is our client's co-worker | Benjamin Lin |
| 9/30/2016 | 0.2 | Updated Tony Teng and Jason Brown on call with Angel Colon | Benjamin Lin |
| 9/30/2016 | 0.2 | Spoke with Benjamin Lin regarding the phone call with Angel Colon | Jason Brown |
| 9/30/2016 | 0.2 | Spoke with Benjamin Lin regarding the phone call with Angel Colon | Tony Teng |
| 9/30/2016 | 0.1 | Updated case folder with notes from call to Colon | Benjamin Lin |
| 10/3/2016 | 0.2 | Damage estimate based on client descriptions | Benjamin Lin |
| 10/3/2016 | 0.2 | Researched defendant business name, location, past lawsuits | Benjamin Lin |
| 10/3/2016 | 0.2 | Discussed with Nicholas Conlon framework for collective action analysis and draft complaint | Benjamin Lin |
| 10/3/2016 | 0.2 | Discussed with Benjamin Lin framework for collective action analysis and draft complaint | Nicholas Conlon |
| 10/3/2016 | 0.8 | Collective action analysis. Reviewed client pay stubs and intake forms | Benjamin Lin |
| 10/3/2016 | 1.9 | Drafted introduction, venue, parties, and general allegations portions of the complaint. Researched interstate commerce req. of motor carrier exemption, Pennsylvania wage statutes, appropriate venue for suit | Benjamin Lin |
| 10/4/2016 | 0.6 | Drafted general allegations of complaint, collective action and Penn class action allegations, | Benjamin Lin |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 10/4/2016 | 0.2 | Looked for class action complaint against Lincare in CA with Tony Teng | Benjamin Lin |
| 10/4/2016 | 0.2 | Looked for class action complaint against Lincare in CA with Ben Lin | Tony Teng |
| 10/4/2016 | 0.3 | Read first amended class-action complaint for Culley v. Lincare | Benjamin Lin |
| 10/4/2016 | 0.1 | Reviewed pay stubs to find and document bonus pay. Sent email to client | Benjamin Lin |
| 10/4/2016 | 0.6 | Drafted class action allegations regarding FLSA, Penn law, and breach of contract | Benjamin Lin |
| 10/5/2016 | 0.2 | Reviewed Culley case to find similarities in ours | Benjamin Lin |
| 10/5/2016 | 1 | Researched federal and Pennsylvania law on non-discretionary bonuses and accurate wage statements | Benjamin Lin |
| 10/5/2016 | 2.4 | Redrafted complaint to add in new allegations of failure to keep accurate time records and failure to have accurate overtime rates that included non-discretionary bonuses, revised venue and jurisdiction with more information, performed damage analysis on exemplar pay period, edited general allegations for flow and grammar. | Benjamin Lin |
| 10/5/2016 | 0.1 | Compiled questions for client regarding equipment delivered, bonus policy, time-keeping program, regular hours of work, identity of managers, locations worked | Benjamin Lin |
| 10/5/2016 | 0.2 | Researched defendants' Pennsylvania registration | Benjamin Lin |
| 10/5/2016 | 0.3 | Spoke with Nicholas Conlon regarding passage of complaint on bonuses, and on how to deal with small vehicle exemption issues in the complaint | Benjamin Lin |
| 10/5/2016 | 0.3 | Spoke with Benjamin Lin regarding passage of complaint on bonuses, and on how to deal with small vehicle exemption issues in the complaint | Nicholas Conlon |
| 10/5/2016 | 0.3 | Met with Benjamin Lin to discuss claim of failure to factor non-discretionary bonus into regular rate | Nicholas Conlon |
| 10/5/2016 | 0.3 | Met with Nicholas Conlon to discuss claim of failure to factor non-discretionary bonus into regular rate | Benjamin Lin |
| 10/5/2016 | 0.3 | Research hazardous material placarding issue | Benjamin Lin |
| 10/5/2016 | 0.1 | Read Colon v. Loonis sample complaint | Benjamin Lin |
| 10/5/2016 | 0.9 | Edited complaint to include small vehicle exemption analysis; researched latest version of TCA | Benjamin Lin |
| 10/5/2016 | 0.1 | Read and responded to client email | Benjamin Lin |
| 10/5/2016 | 0.3 | Spoke with client | Benjamin Lin |
| 10/5/2016 | 0.1 | Spoke with Nicholas Conlon about protocols for contacting client's former supervisor | Benjamin Lin |
| 10/5/2016 | 0.1 | Spoke with Benjamin Lin about protocols for contacting client's former supervisor | Nicholas Conlon |
| 10/6/2016 | 2.5 | Editing complaint, finding more relevant statutes and adding citations, revising for better flow and structure, check for grammar | Benjamin Lin |
| 10/10/2016 | 1 | Reviewed and commented on complaint sent by Benjamin Lin | Nicholas Conlon |
| 10/10/2016 | 0.5 | Revised complaint per Nicholas Conlon's comments, amended jurisdiction and venue, specified class certification requests | Benjamin Lin |
| 10/11/2016 | 0.1 | Read and responded to client's email | Benjamin Lin |
| 10/11/2016 | 1 | Reviewed and commented on complaint sent by Benjamin Lin | Nicholas Conlon |
| 10/11/2016 | 2 | Revised complaint per Nicholas Conlon's comments, added WPCL count, incorporated legal theory into preliminary statement, recalculated overtime rates | Benjamin Lin |
| 10/11/2016 | 0.1 | Followed up on status of Colon and spoke with Tamila | Benjamin Lin |
| 10/11/2016 | 0.1 | Transcribed handwritten notes from client calls into clio | Benjamin Lin |
| 10/11/2016 | 0.2 | Spoke with Nicholas Conlon regarding complaint edits, protocols for contacting client's former co-workers, Colon, and filing timeline | Benjamin Lin |
| 10/11/2016 | 0.2 | Spoke with Benjamin Lin regarding complaint edits, protocols for contacting client's former co-workers, Colon, and filing timeline | Nicholas Conlon |
| 10/11/2016 | 0.1 | Spoke with Jason Brown regarding protocol of responding to inquiries from client's co-workers. Sent email to client. | Benjamin Lin |
| 10/11/2016 | 0.1 | Spoke with Benjamin Lin regarding protocol responding to inquiries from client's co-workers. | Jason Brown |
| 10/12/2016 | 0.3 | Finished citation of Pennsylvania law in preliminary statement, reviewed complaint for spelling/grammar errors | Benjamin Lin |
| 10/17/2016 | 0.3 | Reviewed and revised Benjamin Lin's draft of complaint and revisions to last round of review | Nicholas Conlon |
| 10/17/2016 | 0.7 | Proofread complaint | Benjamin Lin |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 10/17/2016 | 0.1 | Spoke with Nicholas Conlon regarding filing schedule and contacting witnesses | Benjamin Lin |
| 10/17/2016 | 0.1 | Spoke with Benjamin Lin regarding filing scheduled and contacting witnesses | Nicholas Conlon |
| 10/17/2016 | 0.1 | Spoke with Jason Brown and Nicholas Conlon regarding filing strategy and timing, whether to contact witnesses | Benjamin Lin |
| 10/17/2016 | 0.1 | Spoke with Benjamin Lin and Nicholas Conlon regarding filing strategy and timing, whether to contact witnesses | Jason Brown |
| 10/17/2016 | 0.1 | Spoke with Benjamin Lin and Jason Brown regarding filing strategy and timing, whether to contact witnesses | Nicholas Conlon |
| 10/17/2016 | 0.4 | Spoke with witness Justin Schenck | Benjamin Lin |
| 10/17/2016 | 0.3 | Transcribed notes from Schenck call into Clio and Avvo. Updated contact profile | Benjamin Lin |
| 10/17/2016 | 1.4 | Spoke with Nicholas Conlon and Benjamin Lin regarding the complaint | Jason Brown |
| 10/17/2016 | 1.4 | Spoke with Jason Brown and Benjamin Lin regarding the complaint | Nicholas Conlon |
| 10/17/2016 | 1.4 | Spoke with Nicholas Conlon and Jason Brown regarding the complaint and amplified it and made substantial edits consistent with the violations | Benjamin Lin |
| 10/17/2016 | 0.1 | Read and responded to client's email | Benjamin Lin |
| 10/17/2016 | 0.3 | Revised complaint per Jason Brown's comments | Benjamin Lin |
| 10/18/2016 | 0.1 | Checked local rules Eastern District of Pennsylvania | Benjamin Lin |
| 10/18/2016 | 0.2 | Spoke with Jason Brown and Nicholas Conlon regarding potentially broadening the class to include all hourly employees | Benjamin Lin |
| 10/18/2016 | 0.2 | Spoke with Benjamin Lin and Nicholas Conlon regarding potentially broadening the class to include all hourly employees | Jason Brown |
| 10/18/2016 | 0.2 | Spoke with Benjamin Lin and Jason Brown regarding potentially broadening the class to include all hourly employees | Nicholas Conlon |
| 10/19/2016 | 0.1 | Read client's email | Benjamin Lin |
| 10/19/2016 | 0.1 | Sent email to potential co-plaintiff | Benjamin Lin |
| 10/24/2016 | 0.1 | Spoke with Nicholas Conlon about filing without  co-plaintiff and broadening class to hourly employees | Benjamin Lin |
| 10/24/2016 | 0.1 | Spoke with Benjamin Lin about filing without  co-plaintiff and broadening class to hourly employees | Nicholas Conlon |
| 10/24/2016 | 0.7 | Revised complaint to broaden class and remove Colon as co-plaintiff | Benjamin Lin |
| 10/25/2016 | 0.6 | Revised language of complaint regarding class members per Nicholas Conlon's comments | Benjamin Lin |
| 10/25/2016 | 0.3 | Reviewed draft of complaint; looked for treatment of different positions; focused on specific workweek allegation; wrote email to Benjamin Lin | Nicholas Conlon |
| 10/25/2016 | 0.1 | Reviewed and responded to email from Nicholas Conlon | Benjamin Lin |
| 10/25/2016 | 0.5 | Revised complaint for formatting; removed specific allegations of missing wages for a particular week | Benjamin Lin |
| 10/27/2016 | 0.8 | Further revisions to the complaint, research to corroborate proper defense entity and parsing out the specific week example to articulate the violation when the statute is based on a one week analysis,but the paystub has 2 weeks | Jason Brown |
| 10/27/2016 | 0.1 | Made final formatting changes to complaint before sending to Nicholas Conlon for filing | Benjamin Lin |
| 10/27/2016 | 1 | Made final revisions to complaint and consent form and docusigned to Plaintiff for review before filing | Nicholas Conlon |
| 10/28/2016 | 3.9 | Search both Defendants enity information other websites and the Pennsylvania, Forida and Delaware Secretary of State websites respecively; search Eastern District of Pennsylvania local rules regarding filing initial pleadings; prepare Civil Cover Sheet,Case Management Track Designation Form, Designation Form and Summons to the 2 Defendants respectively; scan pdf copies of all documents provided in paper form in a computer disc in conformity with the Local Rule 5.1.2; finalize the entire initial pleadings package and send out via overnight FedEx | Tony Teng |

| Date | Hours | Description | Person |
|---|---|---|---|
| 11/2/2016 | 0.1 | Spoke with Nicholas Conlon and Al about ethical rules regarding contacting former managers of defendant | Benjamin Lin |
| 11/2/2016 | 0.1 | Spoke with Benjamin Lin and Al about ethical rules regarding contacting former managers of defendant | Nicholas Conlon |
| 11/2/2016 | 0.3 | Researched whether it's permissible to contact Sawyer's former supervisor | Benjamin Lin |
| 11/2/2016 | 0.9 | Reviewed Justin Schenck intake and developed list of follow-up questions to prepare declaration in support of 216(b) motion | Nicholas Conlon |
| 11/3/2016 | 0.1 | Reviewed Nicholas Conlon's drafted follow up questions for Schenck | Benjamin Lin |
| 11/3/2016 | 0.2 | Finalized list of questions for Schenk and sent to Ben Lin to prepare for interview | Nicholas Conlon |
| 11/3/2016 | 0.1 | Nicholas Conlon and Benjamin Lin called and left message for Schenk | Nicholas Conlon |
| 11/3/2016 | 0.1 | Nicholas Conlon and Benjamin Lin called and left message for Schenk | Benjamin Lin |
| 11/7/2016 | 0.2 | Spoke with Justin Schenck to request a declaration and conduct partial interview. | Benjamin Lin |
| 11/8/2016 | 0.2 | Spoke with Justin Schenck with more follow up questions. Typed up and organized notes for review. | Benjamin Lin |
| 11/9/2016 | 0.8 | Drafted declaration of Justin Schenck | Benjamin Lin |
| 11/10/2016 | 0.5 | Completed draft of Justin Schenck's declaration | Benjamin Lin |
| 11/10/2016 | 0.3 | Reviewed and revised declaration of Justin Schenck | Nicholas Conlon |
| 11/10/2016 | 0.2 | Reviewed recent District. PA 216(b) cases to find good template for Ben to use in drafting 216(b) motion | Nicholas Conlon |
| 11/11/2016 | 0.3 | Drafted motion for conditional certification | Benjamin Lin |
| 11/14/2016 | 1.6 | Drafted motion for conditional certification | Benjamin Lin |
| 11/15/2016 | 1.1 | Researched district court rulings on motions for conditional certification to find similar cases; read cases including Chung v. Wyndham and Jones v. SCO. | Benjamin Lin |
| 11/15/2016 | 1.2 | Drafted motion for conditional certification; summarized relevant case law | Benjamin Lin |
| 11/16/2016 | 0.3 | Briefly reviewed Ben Lin's draft of 216(b) motion and met with him to discuss revisions. | Nicholas Conlon |
| 11/16/2016 | 0.1 | Spoke with Nicholas Conlon regarding the revisions to the 216(b) motion | Benjamin Lin |
| 11/16/2016 | 0.4 | Revised declaration of Justin Schenck to specify the recipients of emails dictating corporate policy | Benjamin Lin |
| 11/16/2016 | 0.6 | Drafted motion for conditional certification; expanded summary of facts to include background on the parties and violations | Benjamin Lin |
| 11/16/2016 | 0.2 | Spoke with  Nicholas Conlon regarding the investigating location of defendants' headquarters and drafting plaintiff's declaration | Benjamin Lin |
| 11/16/2016 | 0.2 | Spoke with Benjamin Lin regarding the investigating location of defendants' headquarters and drafting plaintiff's declaration | Nicholas Conlon |
| 11/16/2016 | 0.5 | Drafted plaintiff's declaration | Benjamin Lin |
| 11/16/2016 | 0.2 | Reviewed and revised declaration of Justin Schenck | Nicholas Conlon |
| 11/17/2016 | 0.5 | Drafted plaintiff's declaration | Benjamin Lin |
| 11/17/2016 | 0.2 | Reviewed and revised portions of declaration of Justin Schenck | Jason Brown |
| 11/17/2016 | 0.2 | Incorporated Jason Brown's revisions to Schenck declaration and sent to Schenck via docusign; drafted cover letter with instructions | Nicholas Conlon |
| 11/18/2016 | 0.4 | Discussed declaration of plaintiff and follow up questions with Nicholas Conlon | Benjamin Lin |
| 11/18/2016 | 0.4 | Discussed declaration of plaintiff and follow up questions with Benjamin Lin | Nicholas Conlon |
| 11/18/2016 | 0.7 | Drafted plaintiff's declaration to include details regarding vehicles driven | Benjamin Lin |
| 11/18/2016 | 0.2 | Met with Benjamin Lin to discuss revisions to Sawyer's declaration | Nicholas Conlon |
| 11/18/2016 | 0.2 | Met with Nicholas Conlon  to discuss revisions to Sawyer's declaration | Benjamin Lin |
| 11/19/2016 | 0.6 | Reviewed plaintiff declaration with Sawyer, and discussed other issues including defendant's potential destruction of evidence, observations of other branches' work schedules, and descriptions of the vans | Benjamin Lin |
| 11/21/2016 | 0.1 | Updated Nicholas Conlon on weekend call with Sawyer | Benjamin Lin |
| 11/21/2016 | 0.1 | Spoke to Benjamin Lin regarding weekend call with Sawyer | Nicholas Conlon |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 11/29/2016 | 0.4 | Revised plaintiff's declaration per Nicholas Conlon's comments | Benjamin Lin |
| 11/30/2016 | 0.7 | Revising plaintiff's declaration based on Nicholas Conlon's edits | Benjamin Lin |
| 11/30/2016 | 0.8 | Reviewed, revised, and commented on Ben Lin's draft of Sawyer's declaration | Nicholas Conlon |
| 11/30/2016 | 0.1 | Met with Ben Lin to discuss how to allege vehicle weight in 216(b) declaration | Nicholas Conlon |
| 11/30/2016 | 0.1 | Met with Nicholas Conlon to discuss how to allege vehicle weight in 216(b) declaration | Benjamin Lin |
| 11/30/2016 | 0.5 | Spoke with Nicholas Conlon regarding researching precedent on showing of small vehicle exception at certification stage, and on possible model of vans driven by client | Benjamin Lin |
| 11/30/2016 | 0.5 | Spoke with Ben Lin regarding researching precedent on showing of small vehicle exception at certification stage, and on possible model of vans driven by client | Nicholas Conlon |
| 11/30/2016 | 0.9 | Researched case law on proof necessary for small vehicle exception at certification stage; read cases including Boyd v. Schwebel and Naicker v. Warrior Energy. | Benjamin Lin |
| 11/30/2016 | 0.5 | Researched the vehicles defendants could have used; sent candidates to client for confirmation | Benjamin Lin |
| 11/30/2016 | 0.6 | Reviewed cases addressing small vehicle exemption in ruling on 216(b) motion | Nicholas Conlon |
| 12/1/2016 | 0.2 | Met with Ben Lin to discuss Sawyer and Schenck's knowledge of Ford Transits at other locations | Nicholas Conlon |
| 12/1/2016 | 0.2 | Met with Nick to discuss Sawyer and Schenck's knowledge of Ford Transits at other locations | Benjamin Lin |
| 12/1/2016 | 0.2 | Corresponded with client | Benjamin Lin |
| 12/1/2016 | 0.1 | Spoke with Nicholas Conlon regarding scheduling call with client and standards for certification | Benjamin Lin |
| 12/1/2016 | 0.1 | Spoke with Ben Lin regarding scheduling call with client and standards for certification | Nicholas Conlon |
| 12/1/2016 | 0.3 | Read Dunkel v. Warrior Energy | Benjamin Lin |
| 12/1/2016 | 0.3 | Revised plaintiff declaration after he identified the vehicle he drove | Benjamin Lin |
| 12/1/2016 | 0.4 | Spoke with client | Benjamin Lin |
| 12/2/2016 | 0.1 | Spoke with Nicholas Conlon regarding the phone call with our client | Benjamin Lin |
| 12/2/2016 | 0.1 | Spoke with Ben Lin  regarding his phone conversation with our client | Nicholas Conlon |
| 12/6/2016 | 0.3 | Spoke with Justin Schenck | Benjamin Lin |
| 12/6/2016 | 0.5 | Revised declarations of plaintiff and Schenck to include new information regarding the vans used by defendants | Benjamin Lin |
| 12/7/2016 | 1.2 | Revised plaintiff and Schenck's declarations to include new information about defendant's vehicles and bonus pay policy | Benjamin Lin |
| 12/7/2016 | 0.7 | Spoke with potential  witness | Benjamin Lin |
| 12/7/2016 | 0.2 | Reviewed OLM leads from Lincare and sent to Ben Lin for outreach | Nicholas Conlon |
| 12/7/2016 | 0.2 | Reviewed Lincare OLM leads sent by Nicholas Conlon | Benjamin Lin |
| 12/7/2016 | 0.2 | Met with Ben Lin to discuss recap of calls with Sawyer and Schenck | Nicholas Conlon |
| 12/7/2016 | 0.2 | Met with Nicholas Conlon to discuss recap of calls with Sawyer and Schenck | Benjamin Lin |
| 12/11/2016 | 0.7 | Reviewed and revised Sawyer and Schenck declarations for 216(b) motion | Nicholas Conlon |
| 12/12/2016 | 0.8 | Revised plaintiff's declaration per Nicholas Conlon's edits | Benjamin Lin |
| 12/12/2016 | 0.3 | Revised Schenck's declaration per Nicholas Conlon's edits | Benjamin Lin |
| 12/12/2016 | 0.5 | Reviewed and revised Ben Lin's revisions to Sawyer declaration | Nicholas Conlon |
| 12/13/2016 | 1.2 | Finalized Sawyer and Schenck declarations and exhibit; sent via docusign for signature | Nicholas Conlon |
| 12/13/2016 | 0.3 | Reviewed finalized 216b declarations | Benjamin Lin |
| 12/14/2016 | 0.2 | Discussed revisions to 216(b) memo with Ben Lin | Nicholas Conlon |
| 12/14/2016 | 0.2 | Discussed revisions to 216(b) memo with Nicholas Conlon | Benjamin Lin |
| 12/14/2016 | 0.2 | Searched for job descriptions on company website and wrote email to Ben Lin regarding including in 216(b) motion | Nicholas Conlon |
| 12/14/2016 | 0.1 | Reviewed emails send by Nicholas Conlon | Benjamin Lin |
| 12/14/2016 | 0.2 | Spoke with Nicholas Conlon regarding exemplars to use for drafting motion for conditional certification | Benjamin Lin |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 12/14/2016 | 0.2 | Spoke with BL regarding exemplars to use for drafting motion for conditional certification | Nicholas Conlon |
| 12/14/2016 | 0.6 | Reviewed and copied job descriptions for Lincare's hourly job positions | Benjamin Lin |
| 12/14/2016 | 3.4 | Read memoranda in support of motions for conditional certification; revised Sawyer's 216(b) motion to incorporate job descriptions and defendant background; prepared exhibits | Benjamin Lin |
| 12/15/2016 | 1.1 | Prepared 7 exhibits for attachment to 216(b) motion, including declarations, descriptions of defendant's business and job positions | Benjamin Lin |
| 12/15/2016 | 2.7 | Drafted factual summary for 216(b) motion; revised for greater detail of commonalities among class members; investigated job descriptions for employees from different locations; wrote notes of questions and deficiencies for Nicholas Conlon's review; reviewed local citation rules | Benjamin Lin |
| 12/15/2016 | 0.3 | Reviewed Ben Lin's notes of questions and deficiencies | Nicholas Conlon |
| 12/16/2016 | 1.3 | Researched 3rd Circuit case law on conditional certification; read cases including Williams v. Owen, De Asencio v. Tyson, Goldman v. RadioShack | Benjamin Lin |
| 12/16/2016 | 1.6 | Drafted memo of law on 3rd Circuit standards and burden of proof for rule 216(b) motion; reviewed BlueBook and judge's citation rules; discussed citation and evidentiary issues with Nicholas Conlon | Benjamin Lin |
| 12/16/2016 | 0.3 | Discussed citation and evidentiary issues with Ben Lin | Nicholas Conlon |
| 12/19/2016 | 4.4 | Performed research for 216(b) motion. Read cases including Naicker v. Warrior Energy, Viscomi v. Clubhouse, Chabrier v. Wilmington, Adami v. Cardo. Completed drafting portion of memo of law on evidence that putative class members are similarly situated, and on merits of claims at the notice stage under 3rd Circuit case law | Benjamin Lin |
| 12/20/2016 | 3.1 | Drafted 216(b) motion: researched 3rd Circuit cases regarding SOL concerns for collective actions; completed introduction and introduction; revised legal analysis to include more descriptions of the declarations; formatted document for consistency; organized cases and exhibits; sent to Nicholas Conlon for review | Benjamin Lin |
| 12/20/2016 | 0.2 | Initial review of Ben Lin's draft of 216(b) motion | Nicholas Conlon |
| 12/29/2016 | 3.8 | Work on collective certification motion - discussions with Ben Lin, trying to flush out respective violations and corroborate the nature of the paper violation versus the lunch time and buttress argument and law for the substantive violations. | Jason Brown |
| 12/29/2016 | 0.1 | Spoke with Jason Brown and Nicholas Conlon regarding 216(b) motion | Benjamin Lin |
| 12/29/2016 | 0.1 | Spoke with Ben Lin and Nicholas Conlon regarding 216(b) motion | Jason Brown |
| 12/29/2016 | 0.1 | Spoke with Jason Brown and Ben Lin regarding 216(b) motion | Nicholas Conlon |
| 12/29/2016 | 0.4 | Read Jason Brown's revised version of 216(b) motion | Benjamin Lin |
| 12/29/2016 | 1.3 | Continued work on the motion - discussion with Nicholas Conlon & Ben Lin regarding the case - detailed analysis of the certifications to make sure they with withstand cross-examination and are precisely articulated | Jason Brown |
| 12/29/2016 | 0.4 | Discussions with Jason Brown and Nicholas Conlon regarding the case | Benjamin Lin |
| 12/29/2016 | 0.4 | Discussions with Ben Lin and Jason Brown regarding the case | Nicholas Conlon |
| 12/30/2016 | 0.2 | Met with Jason Brown  to discuss his revisions to 216(b) motion | Nicholas Conlon |
| 12/30/2016 | 0.1 | Met with Nicholas Conlon to discuss revisions made to the 216(b) motion | Jason Brown |
| 12/30/2016 | 1.3 | Researched 3d Circuit cases for 216(b) motion regarding meal break pay. Read cases including Oakes v. Pennsylvania, Bowe v. Enviro Pro, Camesi v. Univ. of Pittsburgh Med. | Benjamin Lin |
| 1/3/2017 | 1.5 | Researched cases and codes regarding calculating overtime pay with bonuses;  read cases including Minizza v. Stone Container Corp. Revised 216(b) motion per Jason Brown's comments, incorporating new case law and references to exhibits. Reviewed and made edits for grammar, organization, and flow. | Benjamin Lin |
| 1/3/2017 | 1 | Reviewed most recent additions and revisions to draft of 216(b) brief; made comments for additional work needed | Nicholas Conlon |
| 1/4/2017 | 0.2 | Sent Service request to two(2) Defedandant's., 1)Lincare, Inc. and 2) Health Care Solutions at Home Inc.,  in Florida. | Christy Weser |

| Date | Hours | Description | Person |
|---|---|---|---|
| 1/4/2017 | 0.5 | Handled service of summons; reviewed file to find previously-issued summons; searched for address to serve; looked into whether any further steps needed for issuing summons. Sent instructions to CW to send out for service | Nicholas Conlon |
| 1/4/2017 | 0.1 | updated case file with Document: Sawyer v. Lincare - GS - Service to Lincare Inc. - Confirmation 20170104162008 - Received 010417.pdf | Christy Weser |
| 1/4/2017 | 0.3 | Discussed 216(b) motion with Nicholas Conlon: which case laws are needed, filing timeline | Benjamin Lin |
| 1/4/2017 | 0.3 | Discussed 216(b) motion with Ben Lin: which case laws are needed, filing timeline | Nicholas Conlon |
| 1/6/2017 | 1.7 | Revised 216(b) motion; incorporated more quotations from declarations, and more case law | Benjamin Lin |
| 1/8/2017 | 0.9 | Reviewed order denying 216(b) certification in Udo and reviewed other recent cases against Lincare | Nicholas Conlon |
| 1/9/2017 | 0.6 | Read outcome of past certification motion against defendant. Discussed with Jason Brown and Nicholas Conlon | Benjamin Lin |
| 1/9/2017 | 0.3 | Discussed outcome of past certification motion against defendant with Ben Lin and Jason Brown | Nicholas Conlon |
| 1/9/2017 | 0.3 | Discussed outcome of past certification motion against defendant with Ben Lin and Nicholas Conlon | Jason Brown |
| 1/13/2017 | 0.1 | check and review records if Summons and Complaint was served to Defendants (x2) | Christy Weser |
| 1/16/2017 | 2.9 | Researched/read cases on obtaining putative class member emails, including Pearsall-Dineen, Vargas, Kuznyetsov; revised 216(b) motion to include research and argument on discovery of class member contact info | Benjamin Lin |
| 1/17/2017 | 4.7 | Researched case law on electronic notice for FLSA collective and hearsay regarding declarations in support of 216(b) motions; incorporated arguments and case law into motion; revised motion to accord citations with judge's rules and for clarity, grammar, and organization | Benjamin Lin |
| 1/17/2017 | 0.6 | Reviewed and commented on revised draft of 216(b) motion | Nicholas Conlon |
| 1/18/2017 | 1.2 | Revised 216(b) motion per Nicholas Conlon's comments; distinguished instant matter from Udo v. Lincare. | Benjamin Lin |
| 1/20/2017 | 0.1 | Check for affidavit from Servers website. (not available) | Christy Weser |
| 1/20/2017 | 1.3 | Reviewed filings in Eastern District of Pennsylvania for samples of 216(b) motions; drafted proposed notice order, attorney's declarations, and notice | Benjamin Lin |
| 1/24/2017 | 0.1 | Attorney Ashwin Trehan called in to speak with Jason Brown. Call has been circulated to handling attorney. | Vanessa Reyes |
| 1/24/2017 | 0.1 | Phone call with defense counsel; requested 14 extra days to answer | Nicholas Conlon |
| 1/24/2017 | 0.1 | Update Defense Counsel contact information | Christy Weser |
| 1/24/2017 | 0.1 | Took phone call from court clerk regarding clarification of Defendant's unopposed motion to extend time to answer | Nicholas Conlon |
| 1/24/2017 | 0.2 | Downloaded service affidavits from Guaranteed Subpoena's website and filed on ECF | Nicholas Conlon |
| 1/26/2017 | 0.1 | Entered Expenses for Nicholas Conlon Pro Hac Vice Notary fee | Christy Weser |
| 1/26/2017 | 0.1 | Updated case file with Postnet receipt | Christy Weser |
| 1/27/2017 | 0.3 | Finalized and filed PHV motion | Nicholas Conlon |
| 2/28/2017 | 1.2 | Reviewed 216(b) brief and made comments for further editing | Nicholas Conlon |
| 3/10/2017 | 2.7 | Reviewed and revised 216(b) brief; cleaned up request for relief section and made consistent with conclusion; reviewed website exhibits, revised and reorganized statement of facts section; legal research into bonus-pay issue and revised analysis of that issue in brief | Nicholas Conlon |
| 3/11/2017 | 3.8 | Reviewed and revised 216(b) brief; added more recent case law to summary of law section; reorganized subsections in legal analysis section; searched for 216(b) opinions of Judge Gardner; reviewed Bell v. Reading Hospital de-cert. order; read over earlier sections of brief and polished language | Nicholas Conlon |
| 3/11/2017 | 2.2 | Further revision to 216(b) brief - reviewed conditional certification cases involving small number of declarations, meal break policies, and failure to factor bonuses into regular rate | Nicholas Conlon |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 3/12/2017 | 8.4 | Completed draft of 216(b) brief; added sections on low number of declarations for certification., certification of meal break and bonus-pay policies; researched and added discussion of case law regarding various merits-based defenses that defense may raise i.e. written policy and motor carrier exemption; researched and added discussion of support provided by job descriptions from around Pennsylvania; revised all citations to exhibits and cases; ensured citation formats complied with judge's individual rules | Nicholas Conlon |
| 3/13/2017 | 0.5 | Reviewed updated draft of 216(b) brief; discussed with NC | Benjamin Lin |
| 3/13/2017 | 0.2 | Discussed 216(b) brief with BL | Nicholas Conlon |
| 3/13/2017 | 2.6 | Prepared exhibits; drafted notice and consent forms, declaration of attorney, proposed text message notice | Benjamin Lin |
| 3/13/2017 | 2.9 | Revised 216(b) motion after Nicholas Conlon's edits; checked case citations; created table of contents and table of authorities | Benjamin Lin |
| 3/13/2017 | 0.3 | Minor follow-up revisions to 216(b) motion to replace several weak sentences in brief | Nicholas Conlon |
| 3/13/2017 | 0.2 | Wrote email to Ben Lin with instructions for drafting supporting 216(b) documents and sent him examples from prior cases to work from | Nicholas Conlon |
| 3/13/2017 | 0.2 | Reviewed email sent by Nicholas Conlon regarding 216(b) motion | Benjamin Lin |
| 3/13/2017 | 1.4 | Organization of the argument for the 216(b) motion | Jason Brown |
| 3/14/2017 | 3.2 | Finalization of the 216(b) | Jason Brown |
| 3/14/2017 | 0.9 | Reviewed case files to retrieve requested documents; reviewed edits to 216(b) motion; discussed motion issues with Jason Brown and Nicholas Conlon | Benjamin Lin |
| 3/14/2017 | 0.3 | Discussed motion issues with Ben Lin and Jason Brown | Nicholas Conlon |
| 3/14/2017 | 0.3 | Discussed motion issues with Ben Lin and Nicholas Conlon | Jason Brown |
| 3/14/2017 | 2.8 | Reviewed JTB's edits and comments; integrated comments and worked on areas in need of improvement, i.e.description of Udo case, more emphasis on probative value of Schenck declaration, breakdown of bonus pay regular rate violation | Nicholas Conlon |
| 3/15/2017 | 0.2 | Revising 216(b) notice per Nicholas Conlon's comments | Benjamin Lin |
| 3/15/2017 | 0.6 | Reviewed job descriptions posted by defendants and compared different locations for consistency; summarized and drafted analysis | Benjamin Lin |
| 3/15/2017 | 1 | Final review of 216(b) motion; fixed grammar and punctuation errors; updated table of contents and authorities | Benjamin Lin |
| 3/15/2017 | 0.8 | Reviewed and incorporated last round of comments from JTB; reworked Udo discussion to mention no manager declaration in that case | Nicholas Conlon |
| 3/15/2017 | 1.7 | Reviewed and revised 216(b) motion and exhibits; revised language in notice, consent form, declarations, proposed order, and notice of motion; went over websites to make sure all included and properly formatted | Nicholas Conlon |
| 3/15/2017 | 0.7 | Saved and labelled pdf versions of all documentss, filed on ECF, labelled all exhibits; created courtesy copy binder and cover letter | Nicholas Conlon |
| 3/21/2017 | 0.1 | Email from defendants asking for 30 day extension to reply to certification motion and draft reply email | Jason Brown |
| 3/21/2017 | 0.1 | Reviewed and responded to email from Sawyer defense counsel requesting extension to respond to 216(b) motion | Nicholas Conlon |
| 3/21/2017 | 0.3 | Phone call with defense counsel discussing requested extension to 216(b) motion and possible compromise on scope of collective | Nicholas Conlon |
| 3/22/2017 | 0.2 | Phone call with defense counsel - he advised they are moving for 30-day extesion | Nicholas Conlon |

| Date | Hours | Description | Person |
|---|---|---|---|
| 3/22/2017 | 0.1 | Updated case information for team discussion | Benjamin Lin |
| 3/22/2017 | 0.2 | Reviewed Defendant's motion for 30-day extension to respond to 216(b) motion | Nicholas Conlon |
| 3/23/2017 | 0.4 | Review of their motion for extension of time for 30 days and we proposed 21 days with ET - they wouldn't even give us ET. Outline for defense | Jason Brown |
| 3/23/2017 | 0.1 | Wrote email to defense counsel proposing 30-day extension with tolling | Nicholas Conlon |
| 3/27/2017 | 1.1 | Drafted response to Defendant's motion for extension of time to respond to 216(b) motion | Nicholas Conlon |
| 3/27/2017 | 0.1 | Took phone call from Judge Gardner's clerk and clarified intent to respond to motion for extension | Nicholas Conlon |
| 3/27/2017 | 0.2 | Discussed draft of response to defendant's extension motion with Jason Brown and edited according to his comments - i.e. more emphasis on tolling | Nicholas Conlon |
| 3/27/2017 | 0.1 | Discussed draft of response to defendant's extension motion with Nicholas Conlon | Jason Brown |
| 3/31/2017 | 0.2 | Reviewed and calendared court's order granting Defendant's request for 30 extension | Nicholas Conlon |
| 4/21/2017 | 0.7 | Reviewed judge and local rules regarding pretrial conference and reports; calendared dates | Benjamin Lin |
| 4/21/2017 | 0.2 | Reviewed and calendared order setting initial conference | Nicholas Conlon |
| 4/28/2017 | 0.5 | Reviewed Defendant's opposition to 216(b) and wrote email to Jason Brown and Ben Lin | Nicholas Conlon |
| 4/29/2017 | 1.2 | Reviewed 3rd circuit case law regarding enforceability of class waivers; preparation for drafting reply to Defendant's opposition to 216(b) certification | Nicholas Conlon |
| 4/30/2017 | 0.2 | Reviewed emails from Jason Brown and Nicholas Conlon regarding preparing reply brief | Benjamin Lin |
| 4/30/2017 | 0.2 | Reviewed and responded to emails from Nicholas Conlon and Ben Lin regarding preparing reply brief | Jason Brown |
| 4/30/2017 | 0.8 | Reviewed Defendant's opposition to 216(b) and declarations submitted in support | Nicholas Conlon |
| 5/1/2017 | 0.9 | Read defendant's response brief; spoke with NC regarding rebuttal arguments | Benjamin Lin |
| 5/1/2017 | 3.6 | Researched and read case law on the enforceability of collective action waivers in the 3rd district, including Delaney, Porreca, Giaquinto, Richardson, and Plebani | Benjamin Lin |
| 5/2/2017 | 3.1 | Researched and read case law regarding federal courts' treatment of collective action waivers at the conditional certification stage, including Feamster, Adams, Palacios, Robertson, Adami, Kubischta; drafted summaries of helpful cases for NC's review | Benjamin Lin |
| 5/2/2017 | 1.2 | Researched cases in preparation for 216(b) reply brief; whether class waivers are enforceable in absence of arbitration agreement and whether class waiver defenses can be raised at 216(b) stage | Nicholas Conlon |
| 5/2/2017 | 0.2 | Called/emailed plaintiff and potential witness | Benjamin Lin |
| 5/4/2017 | 0.7 | Reviewed Defendant's opposition and worked on outline of points to respond to in reply brief | Nicholas Conlon |
| 5/5/2017 | 9.1 | Reviewed attachments/declarations from defendant's response to 216(b) for pertinent points to address in reply; quoted and summarized relevant portions; reviewed NC's outline for reply brief; researched case law for reply brief and quoted/summarized for NC | Benjamin Lin |
| 5/5/2017 | 2.4 | Final Revisions for reply brief for collective cert | Jason Brown |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 5/5/2017 | 3.6 | Outlined and reviewed cases in preparation for drafting reply brief in support of 216(b) motion | Nicholas Conlon |
| 5/5/2017 | 6.2 | Drafted and filed reply brief in support of 216(b) motion | Nicholas Conlon |
| 5/10/2017 | 0.1 | Exchanged emails with defense counsel regarding setting up telephonic 26(f) conference | Nicholas Conlon |
| 5/10/2017 | 0.4 | Held telephonic 26(f) conference with defense counsel Marilyn Moran | Nicholas Conlon |
| 5/10/2017 | 0.1 | Wrote email to Ben Lin re: instructions for speaking with Plaintiff for purposes of preparing initial disclosures and RFPs | Nicholas Conlon |
| 5/10/2017 | 2.1 | Reviewed Supreme Court and circuit Coa cases on enforceability of Arb clauses and class waivers in general and in flsa context; Concepcion, gilmer. Italian colors, Sutherland, epic v. Lewis | Nicholas Conlon |
| 5/10/2017 | 0.3 | Reviewed sample RFPs and interrogatories; called/emailed plaintif | Benjamin Lin |
| 5/10/2017 | 0.1 | Email discussion regarding meet and confer and initial disclosures | Benjamin Lin |
| 5/10/2017 | 0.1 | Reviewed calendar;  emailed Nicholas Conlon regarding meet and confer deadline | Benjamin Lin |
| 5/11/2017 | 0.1 | Read email from client regarding his documents and schedudule | Benjamin Lin |
| 5/15/2017 | 0.4 | Phone call with Marilyn Moran; discussed plan to file joint motion to adjourn scheduling conference until after 216(b) motion is decided | Nicholas Conlon |
| 5/15/2017 | 0.4 | Conference call with Nicholas Conlon and defense counsel regarding discovery, joint status, and future conference | Benjamin Lin |
| 5/15/2017 | 0.4 | Drafted joint letter for continuance of 26(f) | Benjamin Lin |
| 5/16/2017 | 0.2 | Met with Ben Lin to discuss points to raise in Sawyer joint letter requesting adjournment of initial conference | Nicholas Conlon |
| 5/16/2017 | 0.5 | Discussed joint letter to court regarding 26(f); drafted letter per Nicholas Conlon's comments | Benjamin Lin |
| 5/16/2017 | 0.6 | Drafted joint letter for continuance of 26(f) | Benjamin Lin |
| 5/17/2017 | 0.8 | Reviewed and revised Ben Lin's draft of joint letter to court requesting continuance of initial conference | Nicholas Conlon |
| 5/17/2017 | 0.2 | Reviewed local and individual rules to confirm JTB needs to attend initial conference on 5/31 | Nicholas Conlon |
| 5/17/2017 | 0.1 | Reviewed Nicholas Conlon's draft of joint letter to continue conference | Benjamin Lin |
| 5/18/2017 | 0.2 | Reviewed defense counsel's revisions to joint letter requesting continuance of initial conference and finalized and emailed to chambers | Nicholas Conlon |
| 5/23/2017 | 0.2 | Exchanged emails with Ben Lin regarding drafting initial disclosures and 26(f) report | Nicholas Conlon |
| 5/23/2017 | 0.2 | Exchanged emails with Nicholas Conlon regarding drafting initial disclosures and 26(f) report | Benjamin Lin |
| 5/23/2017 | 0.2 | Reviewed and revised draft of initial disclosures | Nicholas Conlon |
| 5/23/2017 | 1.7 | Reviewed letter from court; spoke with Nicholas Conlon; prepared for initial disclosures | Benjamin Lin |
| 5/23/2017 | 2 | Drafted initial disclosures; drafted 26(f) report | Benjamin Lin |
| 5/24/2017 | 0.2 | Rule 26 scheduling report work on | Jason Brown |
| 5/24/2017 | 1.6 | Reviewed and revised Ben Lin's draft of 26(f) report | Nicholas Conlon |
| 5/24/2017 | 0.1 | Met with Jason Brown to discuss strategy for initial conference | Nicholas Conlon |
| 5/24/2017 | 0.1 | Met with Nicholas Conlon to discuss strategy for initial conference i | Jason Brown |
| 5/24/2017 | 0.1 | Wrote email to defense counsel with draft of 26(f) report and initial disclosures | Nicholas Conlon |
| 5/24/2017 | 2.1 | Drafted 26(f) report; call with client to confirm documents and for case update | Benjamin Lin |
| 5/24/2017 | 0.3 | Reviewed Nicholas Conlon's edits to 26(f) report; emailed Nicholas Conlon | Benjamin Lin |
| 5/25/2017 | 0.2 | Reviewed defense counsel's revisions to 26(f) report and emailed her back confirming acceptance of changes | Nicholas Conlon |
| 5/30/2017 | 0.1 | Email to defense to see if they want to discuss the matter in person pre-conference | Jason Brown |
| 5/30/2017 | 1.4 | Preparation for tomorrow's conference and thorough review of 216(b) motion and opposition in case the Court asks us about it, as well as the joint scheduling report | Jason Brown |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 5/30/2017 | 0.9 | Reviewed emails; read final 26(f) report; reviewed filed documents; prepared binder of pleadings for conference | Benjamin Lin |
| 5/30/2017 | 0.8 | Prepared binder of pleadings for conference | Benjamin Lin |
| 5/30/2017 | 0.3 | Prepared binder of pleadings for conference | Benjamin Lin |
| 5/30/2017 | 1.9 | Prepared binder of pleadings for conference; drafted summary of case; discussed with Jason Brown | Benjamin Lin |
| 5/31/2017 | 3.2 | Travel from Jersey City to Allentown for Court and back | Jason Brown |
| 5/31/2017 | 0.6 | In person Court discussions regarding scheduling and meeting with opposing counsel before and after discussing the case | Jason Brown |
| 5/31/2017 | 0.4 | Met with Jason Brown and Ben Lin to prepare for initial conference; went over arguments that could come up regarding the pending motion and the proposed scheduling order | Nicholas Conlon |
| 5/31/2017 | 0.4 | Met with Jason Brown and Nicholas Conlon to prepare for initial conference; went over arguments that could come up regarding the pending motion and the proposed scheduling order | Benjamin Lin |
| 5/31/2017 | 0.4 | Met with Nicholas Conlon and Ben Lin to prepare for initial conference; went over arguments that could come up regarding the pending motion and the proposed scheduling order | Jason Brown |
| 5/31/2017 | 0.3 | Phone call with Jason Brown after initial conference; discussed  court's order to provide brief explaining recent 6th circuit NLRB decision | Nicholas Conlon |
| 5/31/2017 | 0.3 | Phone call with Nicholas Conlon after initial conference; discussed  court's order to provide brief explaining recent 6th circuit NLRB decision | Jason Brown |
| 5/31/2017 | 1.9 | Meeting with Jason Brown and Nicholas Conlon; prepared binder for initial conference; reviewed defendant's prior litigation; reviewed case files for details of claims and plaintiff's employment history; researched Pennsylvania law | Benjamin Lin |
| 6/1/2017 | 0.3 | Read majority and dissenting opinions in 6th circuit NLRB class waiver case | Nicholas Conlon |
| 6/7/2017 | 0.1 | Reviewed email regarding potential witness | Benjamin Lin |
| 6/8/2017 | 4.6 | Drafted letter to court regarding Plaintiff's (P's) position on recent case NLRB v. Alt. Entm't, Inc., 2017 U.S. App. LEXIS 9272, 2017 FED App. 0113P (6th Cir.) (6th Cir. May 26, 2017) | Nicholas Conlon |
| 6/9/2017 | 1.5 | Supplemental briefing on NLRB v. Alt. Entm't, Inc., 2017 U.S. App. LEXIS 9272, 2017 FED App. 0113P (6th Cir. May 26, 2017) how it effects our case | Jason Brown |
| 6/9/2017 | 0.7 | Made additional revisions to letter to court regarding class waivers to improve clarity; reviewed and incorporated JTB's edits; finalized address info and e-mailed to court | Nicholas Conlon |
| 6/14/2017 | 0.1 | Reviewed Defendant's letter to court regarding class waiver issue | Nicholas Conlon |
| 6/14/2017 | 0.6 | Review of Defense submission regarding the circuit case | Jason Brown |
| 7/5/2017 | 0.1 | Read client's email; discussed with Nicholas Conlon; emailed client | Benjamin Lin |
| 7/5/2017 | 0.1 | Discussed case with Ben Lin | Nicholas Conlon |
| 10/2/2017 | 0.3 | Responded to e-mail from Plaintiff; send him complaint and template consent form; reviewed his documents received to date and sent to him to assess whether he has any additional documents to produce | Nicholas Conlon |
| 11/21/2017 | 0.3 | Reviewed MSJ and decert opinions from Culley v. Lincare Inc., 236 F. Supp. 3d 1184 | Nicholas Conlon |
| 3/1/2018 | 0.1 | Sent FOIA Request via Email | Bernardo Valdez |
| 3/19/2018 | 0.1 | Read email from client; discussed with Nicholas Conlon | Benjamin Lin |
| 3/19/2018 | 0.1 | Discussed email Ben Lin received from Client | Nicholas Conlon |
| 4/26/2018 | 0.4 | Review of opinion granting in part collective certification | Jason Brown |
| 4/26/2018 | 0.2 | Reviewed order granting 216(b) | Benjamin Lin |
| 4/26/2018 | 0.3 | Reviewed court's order regarding 216(b) motion | Nicholas Conlon |
| 4/27/2018 | 0.4 | Reviewed 216(b) orders and prior scheduling order and scheduled dates for notice and discovery | Nicholas Conlon |
| 5/4/2018 | 0.1 | Wrote email to Plaintiff letting him know court granted 216(b) motion | Nicholas Conlon |
| 5/14/2018 | 0.4 | Prepared revised 216(b) notice in accordance with court's order; revised to reflect collective positions, dates, claims at issue | Nicholas Conlon |

| Date | Hours | Description | Person |
|---|---|---|---|
| 5/14/2018 | 0.2 | Read and responded to emails with Helen Cheng and Sarah Koyanagi regarding using BRM to send 216(b) notices and consent forms | Nicholas Conlon |
| 5/16/2018 | 0.4 | Reviewed Defendant's proposed revisions to notice; made further revisions with more employee-friendly language regarding costs; read and responded to emails with defense counsel regarding reasons for changes | Nicholas Conlon |
| 5/17/2018 | 1.2 | Drafted joint motion to approve notice and proposed order; finalized notice exhibits; sent to defense for confirmation; filed on ECF and sent proposed order to clerk | Nicholas Conlon |
| 5/22/2018 | 0.1 | Read and responded to email from defense counsel regarding intention to move for reconsideration in light of Epic v Lewis | Nicholas Conlon |
| 5/29/2018 | 0.3 | Reviewed email from defense counsel with outline of argument anticipated in motion for reconsideration; reviewed 216(b) opposition to assess record to date: regarding Plaintiff's signature on employee handbook; wrote back indicating we oppose | Nicholas Conlon |
| 5/31/2018 | 1 | Review of their motion for reconsideration | Jason Brown |
| 5/31/2018 | 0.7 | Reviewed Defendant's motion for reconsideration of order granting 216(b) motion; reviewed cases cited therein and prepared outline of response | Nicholas Conlon |
| 5/31/2018 | 0.5 | Reviewed cases in preparation for opposition to Defendant's motion for reconsideration; reviewed SCOTUS Epic v. Lewis decision as well as other cases addressing class waivers in absence of arbitration clauses | Nicholas Conlon |
| 6/2/2018 | 6.3 | Researched and outlining in preparation for response to Defendant's motion for reconsideration; reviewed court's order granting certification, Epic v. Lewis, cases addressing issue of whether collective waivers are enforceable outside FAA context; researched issue of whether 216(b) reflects a policy against collective action waivers; public policy under Pensylvania law regarding class action waivers, unconscionability; researched cases addressing lack of consideration in employee handbooks | Nicholas Conlon |
| 6/3/2018 | 4.6 | Drafted portions of response to motion for reconsideration of conditional certification. motion; drafted section explaining why Epic v. Lewis is not controlling as to the issues in the court's order | Nicholas Conlon |
| 6/4/2018 | 3.1 | Worked on response to Defendant's motion for reconsideration; drafted sections on why Defendant's collective waiver defense remains uncertain even in light of Epic v. Lewis; sections on lack of new evidence and no manifest injustice | Nicholas Conlon |
| 6/6/2018 | 3.5 | Review of the Defendants Motion for reconsideration, its reliance on Epiq, the Court ordering Certification and drafting the response to their motion | Jason Brown |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 6/6/2018 | 1.7 | Prepare response to Defendant's motion for reconsideration - reviewed Jason Brown's edits; added statement of issue, statement of facts, and summary of argument; reviewed entire brief and polished language; finalized and filed on ECF | Nicholas Conlon |
| 6/13/2018 | 0.2 | Reviewed Defendant's reply in support of motion for reconsideration | Nicholas Conlon |
| 6/29/2018 | 0.2 | Reviewed Plaintiff's paystubs to confirm he received bonus | Nicholas Conlon |
| 7/8/2018 | 0.1 | Compiled intakes/notes from Avvo Ignite and saved to clio to prevent loss of data from cancelling Avvo Ignite subscription | Nicholas Conlon |
| 7/11/2018 | 3.8 | Drafted rogs and RPPs; reviewed Defendant's 216(b) opposition to assess particular documents to request and terminology to use | Nicholas Conlon |
| 7/12/2018 | 0.8 | Finalized rogs and RFPs and emailed to Bernardo Valdez with instructions for serving on defense | Nicholas Conlon |
| 7/13/2018 | 0.3 | BV - ADMIN - Serve Discovery Requests | Bernardo Valdez |
| 7/16/2018 | 0.2 | Review of order denying reconsideration and asking for notice to be distributed, contacting claims admins to obtain price quotes | Jason Brown |
| 7/16/2018 | 0.1 | Email back from simpluris regarding notice | Jason Brown |
| 7/16/2018 | 0.3 | Reviewed court's order approving notice and denying Defendant's motion for reconsideration | Nicholas Conlon |
| 7/16/2018 | 0.3 | Prepared final notice, sent with class list and court's order to Simpluris for quote for handling 216(b) notice | Nicholas Conlon |
| 7/17/2018 | 0.3 | Phone call with defense counsel regarding scheduling depositions; timeframe for completing pre-cert class discovery | Nicholas Conlon |
| 7/18/2018 | 0.5 | Work on notice, arrangements for notice with notice administrator - emails and notifying defense counsel | Jason Brown |
| 7/18/2018 | 0.2 | Read and responded to emails with Simpluris regarding confirming final form of notice | Nicholas Conlon |
| 7/18/2018 | 0.2 | Emailed BV instructions for handling Defendant's RFPs and rogs | Nicholas Conlon |
| 7/18/2018 | 0.2 | Read and responded to emails with Plaintiff | Nicholas Conlon |
| 7/19/2018 | 0.5 | Review of discovery served by defendants | Jason Brown |
| 7/19/2018 | 0.1 | Email from defense still awaiting document production to us | Jason Brown |
| 7/19/2018 | 1 | Created Opt-In Spreadsheet and shared with Simpluris. Entered-bv admin | Bernardo Valdez |
| 7/19/2018 | 0.5 | Emailed Defendant's Rogs/RFP to Client with Instructions. entered-bv admin | Bernardo Valdez |
| 7/19/2018 | 0.1 | bv - admin - confirm mailing address for sawyer before sending rogs package | Bernardo Valdez |
| 7/20/2018 | 0.2 | Postage: Sent Defendant's First Request of Rogs/RFP to Client via USPS Priority (no sig required) | Bernardo Valdez |
| 7/24/2018 | 0.6 | Drafted joint motion to extend pre-certification class discovery deadline and proposed order | Nicholas Conlon |
| 7/24/2018 | 0.2 | Filed/submitted joint motion to extend pre-certification class discovery deadline and proposed order | Nicholas Conlon |
| 7/24/2018 | 0.1 | Called Plaintiff. Left voicemail and sent email | Nicholas Conlon |
| 7/25/2018 | 0.2 | Saved client's responses to defendants first set of rogs/rfp in clio. | Bernardo Valdez |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 7/25/2018 | 0.4 | Reviewed calendar and attempted to coordinated depositions for Sawyer and Schenk; reviewed declarations previously sent to Schenk for 216(b) motion | Nicholas Conlon |
| 7/26/2018 | 0.8 | Typed client's responses into word version of the Defendant's first set of rogs/rfp. entered-bv admin | Bernardo Valdez |
| 7/30/2018 | 0.1 | Incoming call from potential Opt-in client Ashley Markle. I live transferred call to BL | Sueherminia Colon |
| 7/30/2018 | 0.1 | Spoke with potential opt-in | Benjamin Lin |
| 8/2/2018 | 0.3 | Contacted Justin Schenk to schedule deposition; left him voicemail and sent him email; spoke with him regarding availability; sent him follow-up email confirming date | Nicholas Conlon |
| 8/6/2018 | 0.1 | Review of opt-in report | Jason Brown |
| 8/6/2018 | 0.8 | Filed Consent-to-Join Forms for Crystal Hamilton and Felicia Kissinger. Entered-bv admin | Bernardo Valdez |
| 8/7/2018 | 0.2 | Phone call with defense counsel regarding timing of discovery; whether to call court regarding extension; potential extension of Defendant's response date - suggested that they serve their objections on time but have extension for responses | Nicholas Conlon |
| 8/7/2018 | 0.2 | Phone call with defense counsel regarding timing of discovery; whether to call court regarding extension; potential extension of Defendant's response date - suggested that they serve their objections on time but have extension for responses | Nicholas Conlon |
| 8/8/2018 | 0.1 | Joint request for enlargeing discovery | Jason Brown |
| 8/8/2018 | 0.2 | Phone call with defense counsel regarding status of discovery, scheduling of depositions | Nicholas Conlon |
| 8/8/2018 | 0.1 | Emailed chambers regarding status of joint motion to extend discovery | Nicholas Conlon |
| 8/9/2018 | 0.7 | bv admin - Finalize client documents for production | Bernardo Valdez |
| 8/11/2018 | 0.1 | Review of simpluris opt-in count | Jason Brown |
| 8/11/2018 | 0.1 | Review of simpluris opt-in count | Nicholas Conlon |
| 8/13/2018 | 0.3 | Reviewed Plaintiff's internal responses to rogs and RFPs and made notes for finalizing responses and objections | Nicholas Conlon |
| 8/14/2018 | 0.2 | Jason Brow, Nicholas Conlon, Tony Teng, Irene Chan discussed strategy moving forward - FILE REVIEW | Jason Brown |
| 8/14/2018 | 0.2 | Jason Brown, Nicholas Conlon, Tony Teng, Irene Chan discussed strategy moving forward - FILE REVIEW | Irene Chan |
| 8/14/2018 | 0.2 | Jason Brown, Nicholas Conlon, Tony Teng, Irene Chan discussed strategy moving forward - FILE REVIEW | Nicholas Conlon |
| 8/14/2018 | 0.2 | Jason Brown, Nicholas Conlon, Tony Teng, Irene Chan discussed strategy moving forward - FILE REVIEW | Tony Teng |
| 8/14/2018 | 1.7 | Drafted responses and objections to Defendant's rogs | Nicholas Conlon |
| 8/15/2018 | 0.3 | Review of documents in preparation for deposition | Jason Brown |
| 8/15/2018 | 0.1 | Email correspondence between Nicholas Conlon, Jason Brown and Ben Lin regarding declarations and deposition preparation | Nicholas Conlon |
| 8/15/2018 | 0.1 | Email correspondence between Nicholas Conlon, Jason Brown and Ben Lin regarding declarations and deposition preparation | Jason Brown |
| 8/15/2018 | 0.1 | Read emails from Nicholas Conlon and Jason Brown regarding declarations, deposition preparation | Benjamin Lin |
| 8/15/2018 | 0.1 | Order granting extension for discovery | Jason Brown |
| 8/15/2018 | 0.1 | Read and responded to emails with defense counsel regarding extensions to discovery requests | Nicholas Conlon |
| 8/16/2018 | 0.2 | Added Declarations to the Bates Stamped documents for Sawyer. Entered-bv admin | Bernardo Valdez |
| 8/17/2018 | 0.1 | Receipt of notice of defendants to take deposition | Jason Brown |
| 8/20/2018 | 0.1 | Review of weekly opt-in report | Jason Brown |
| 8/20/2018 | 1 | Filed Consent Forms - Frederick Stallings, Anthony Kreitz, Angel Colon. | Bernardo Valdez |
| 8/20/2018 | 0.1 | Reviewed deposition notice received from defense and forwarded to Plaintiff | Nicholas Conlon |

| Date | Hours | Description | Person |
|---|---|---|---|
| 8/20/2018 | 0.3 | Reviewed and revised draft of protective order | Nicholas Conlon |
| 8/21/2018 | 0.1 | Asking about witness to be subpoenaed from defense | Jason Brown |
| 8/21/2018 | 0.5 | Initial review of defendants production and interrogatory answers or lack thereof - | Jason Brown |
| 8/21/2018 | 0.1 | Email to group Zijian Guan and Nicholas Conlon regarding defendants discovery answers or lack thereof | Jason Brown |
| 8/21/2018 | 0.1 | Email to group Zijian Guan and Jason Brown regarding defendants discovery answers or lack thereof | Nicholas Conlon |
| 8/21/2018 | 0.1 | Email to group Jason Brown and Nicholas Conlon regarding defendants discovery answers or lack thereof | Zijian Guan |
| 8/21/2018 | 1.2 | Drafted Plaintiff's RFP responses | Nicholas Conlon |
| 8/21/2018 | 0.3 | Initial review Defendant's disc responses for deficiencies | Nicholas Conlon |
| 8/22/2018 | 0.4 | Additional review of their discovery and starting to formulate deficiency letter | Jason Brown |
| 8/22/2018 | 0.2 | Proposed response to lincare regarding their discovery abuses | Jason Brown |
| 8/22/2018 | 0.1 | Email to defense counsel regarding discovery abuses | Jason Brown |
| 8/22/2018 | 0.1 | Email back regarding Schenk | Jason Brown |
| 8/22/2018 | 0.1 | Email from justin schenk | Jason Brown |
| 8/22/2018 | 0.3 | Phone call with defense counsel regarding timing of document production; issues with protective order | Nicholas Conlon |
| 8/22/2018 | 0.2 | Reviewed protective order from prior EDPA case and emailed to defense counsel as suggested template | Nicholas Conlon |
| 8/22/2018 | 0.3 | Read and responded to emails with Sawyer and Schenk regarding potential rescheduling of depositions | Nicholas Conlon |
| 8/22/2018 | 0.2 | Read and responded to emails with defense counsel regarding confidentiality agreement, timing of document production | Nicholas Conlon |
| 8/22/2018 | 0.1 | Reviewed and revised Jason Brown's draft email to defense counsel regarding deficient discovery responses | Nicholas Conlon |
| 8/22/2018 | 1 | Research case law regarding pre-certification discovery | Nicholas Conlon |
| 8/23/2018 | 1.2 | Reviewed Defendant's responses and objections and Plaintiff's rogs and RFPs and noted deficiencies and improper objections | Nicholas Conlon |
| 8/23/2018 | 1.9 | Prepared letter to Defendant regarding deficiencies in discovery responses and objections; further research into case law regarding  geographical scope of pre-certification discovery and Defendant's objections to relevant time period | Nicholas Conlon |
| 8/24/2018 | 0.8 | Further cataloguing of discovery, review of dispute of confidentiality order and letter to defendants regarding discovery deficiency | Jason Brown |
| 8/24/2018 | 0.1 | Review of opt-ins from claims admin | Jason Brown |
| 8/24/2018 | 0.6 | Completed draft of letter outlining deficiencies in Defendant's disc responses and objections | Nicholas Conlon |
| 8/24/2018 | 0.3 | Finalized letter outlining deficiencies in Defendant's disc responses and objections; reviewed and incorporated Jason Brown's edits and sent to defense counsel | Nicholas Conlon |
| 8/26/2018 | 1.9 | Drafted 30(b)(6) notice | Nicholas Conlon |
| 8/27/2018 | 0.8 | Work on 30(b)(6) notice topics in context of proofs needed for rule 23 and the case in general | Jason Brown |
| 8/27/2018 | 0.1 | Email correspondence regarding Schenk deposiition | Jason Brown |
| 8/27/2018 | 0.1 | Receipt of subpoena for Schenk | Jason Brown |
| 8/27/2018 | 0.2 | Finalized 30(b)(6) notice and served on defense | Nicholas Conlon |
| 8/27/2018 | 0.3 | Reviewed deposition notices to Sawyer and Schenk; added to calendar and emailed to Sawyer/Schenk | Nicholas Conlon |
| 8/28/2018 | 0.1 | Saved FOIA docs in clio. | Bernardo Valdez |
| 8/28/2018 | 0.1 | Read FOIA responses | Benjamin Lin |
| 8/28/2018 | 0.2 | Jason Brown and Nicholas Conlon discuss deposition location and possible preparation of Shenk | Jason Brown |
| 8/28/2018 | 0.2 | Jason Brown and Nicholas Conlon discuss deposition location and possible preparation of Schenk | Nicholas Conlon |
| 8/28/2018 | 0.2 | Called and emailed Sawyer and Schenk to discuss deposition preparation | Nicholas Conlon |
| 8/28/2018 | 0.3 | Phone call with Plaintiff | Nicholas Conlon |
| 8/29/2018 | 0.2 | BV - ADMIN - BATES STAMP documents from FOIA DOL | Bernardo Valdez |
| 8/29/2018 | 0.1 | Saved Defendant's response to Plaintiff's first set of rogs/rfp in clio. | Bernardo Valdez |
| 8/30/2018 | 0.2 | Reviewed Defendant's second document production | Nicholas Conlon |
| 8/31/2018 | 0.2 | Review of defendants subsequent request for confidentiality order and objections to discovery | Jason Brown |
| 9/4/2018 | 0.2 | Spoke with Nicholas Conlon regarding upcoming depositions - logistics of coverage - who will defend/prepare, and travel | Jason Brown |

| Date | Hours | Description | Person |
|---|---|---|---|
| 9/4/2018 | 0.2 | Spoke with Jason Brown regarding upcoming depositions - logistics of coverage - who will defend/prepare, and travel | Nicholas Conlon |
| 9/4/2018 | 0.1 | Incoming call from Justin Schenck<br>Left message for Nicholas Conlon<br>Forwarded message to Nicholas Conlon | Osmara Suazo |
| 9/4/2018 | 0.1 | Reviewed document production and emailed to defense counsel | Nicholas Conlon |
| 9/4/2018 | 0.1 | Exchanged missed calls with Justin Schenck | Nicholas Conlon |
| 9/4/2018 | 0.2 | Discussions with Jason Brown regarding arranging travel and coordinating preparation | Nicholas Conlon |
| 9/4/2018 | 0.2 | Discussions with Nicholas Conlon regarding arranging travel and coordinating preparation | Jason Brown |
| 9/4/2018 | 0.2 | Searched for and booked rental car for trip to Reading, PA for Schenck / Sawyer depositions | Nicholas Conlon |
| 9/5/2018 | 1 | Reviewed Defendant's document production and printed documents to potentially use in Schenck deposition | Nicholas Conlon |
| 9/5/2018 | 0.2 | Emailed Plaintiff | Nicholas Conlon |
| 9/5/2018 | 0.5 | Picked up rental car for drive to Reading, PA for Schenck and Sawyer deposition | Nicholas Conlon |
| 9/6/2018 | 3 | Travel from Jersey City to Reading, PA for Deposition | Jason Brown |
| 9/6/2018 | 1 | Preparation for deposition | Jason Brown |
| 9/6/2018 | 2.8 | Drive from Jersey City, NJ to Reading, PA for deposition of Justin Schenck | Nicholas Conlon |
| 9/6/2018 | 4.3 | Deposition of Justin Schenck - defended and asked questions on direct | Nicholas Conlon |
| 9/6/2018 | 0.8 | Met with Sawyer to prepare for deposition | Nicholas Conlon |
| 9/6/2018 | 0.7 | Returned rental car and got ride to hotel; checked in | Nicholas Conlon |
| 9/7/2018 | 1 | Travel from location one with Nicholas Conlon to deposition location | Jason Brown |
| 9/7/2018 | 1 | Travel from location one with Jason Brown to deposition location | Nicholas Conlon |
| 9/7/2018 | 0.5 | Pre-deposition discussions regarding preparation | Nicholas Conlon |
| 9/7/2018 | 0.5 | Pre-deposition discussions regarding questions from yesterday and witness for today, lead plaintiff | Jason Brown |
| 9/7/2018 | 6 | Assisted Jason T. Brown with defense of Sawyer's deposition | Nicholas Conlon |
| 9/7/2018 | 6 | Defense of Sawyer's deposition | Jason Brown |
| 9/7/2018 | 2.4 | Travel from Sawyer's deposition back to Jersey City | Jason Brown |
| 9/7/2018 | 2.4 | Travel from Sawyer's deposition back to Jersey City | Nicholas Conlon |
| 9/9/2018 | 0.1 | Review claims admin opt-in counts | Jason Brown |
| 9/10/2018 | 0.3 | Nicholas Conlon and Jason Brown spoke with defense counsel regarding depositions | Jason Brown |
| 9/10/2018 | 0.3 | Nicholas Conlon and  Jason Brown spoke with defense counsel regarding depositions and possible settlement - she will see if their in-house paralegal can digest driver's logs; we will make settlement for opt-ins based on eyeballing numbers; agreed to put depositions on calendar for October in Reading, Pennsylvania; we will take 30(b)(6), deposition of Poff and potentially another CM; they want to depose a few opt-ins | Nicholas Conlon |
| 9/10/2018 | 0.3 | Worked on obtaining dates of employment from opt-ins for purposes of settlement demand; reviewed opt-in spreadsheet; drafted email to opt-in plaintiffs regarding dates of employment, documents, deposition availability | Nicholas Conlon |
| 9/11/2018 | 0.1 | Called Angel Colon<br>There was no response, left voicemail | Osmara Suazo |
| 9/11/2018 | 0.1 | Called Felicia Kissinger<br>There was no response, left voicemail | Osmara Suazo |
| 9/11/2018 | 0.1 | Called Anthony Kreitz<br>There was no response, left voicemail | Osmara Suazo |
| 9/11/2018 | 0.1 | Received call back from Angel Colon<br>interviewed re: basic details of employment and OT claims | Osmara Suazo |
| 9/11/2018 | 0.1 | Received call back from Felicia Kissinger<br>interviewed re: basic details of employment and OT claims | Osmara Suazo |
| 9/11/2018 | 0.1 | Received call back from  Anthony Kreitz<br>interviewed re: basic details of employment and OT claims | Osmara Suazo |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 9/11/2018 | 0.1 | Called Frederick Stallings<br>Per Nicholas Conlon's request, ask if he has received the email sent out regarding the lawsuit and ask for his dates of employment<br>There was no response, left voicemail | Osmara Suazo |
| 9/11/2018 | 0.4 | Created rough damage model for collective based on Sawyer's rate of pay and dates of employment for each opt-in | Nicholas Conlon |
| 9/11/2018 | 0.1 | Emailed Osmara Suazo instructions for reaching out to opt-ins to confirm dates of employment | Nicholas Conlon |
| 9/11/2018 | 0.2 | Revised defendant's draft confidentiality agreement; restyled as consent order and sent to defense counsel for review | Nicholas Conlon |
| 9/11/2018 | 0.2 | Read and responded to emails with Plaintiff regarding settlement; managers to depose | Nicholas Conlon |
| 9/12/2018 | 0.1 | Jason Brown & Nicholas Conlon called Marilyn G. Moran | Jason Brown |
| 9/12/2018 | 0.1 | Jason Brown & Nicholas Conlon called Marilyn G. Moran | Nicholas Conlon |
| 9/12/2018 | 0.9 | Drafted email to defense requesting meet/confer regarding deficiencies in their disc responses | Nicholas Conlon |
| 9/13/2018 | 0.2 | Email to defendants regarding discovery issues and coordination of depositions | Jason Brown |
| 9/16/2018 | 0.1 | Review of weekly opt-in report | Jason Brown |
| 9/20/2018 | 0.1 | Read and responded to emails with defense counsel arranging call to discuss outstanding discovery issues | Nicholas Conlon |
| 9/21/2018 | 0.7 | Phone call w/ defense counsel re: gave settlement demand and discussed outstanding discovery issues | Nicholas Conlon |
| 9/21/2018 | 0.1 | Follow up email regarding single rog being served | Jason Brown |
| 9/21/2018 | 0.3 | Drafted rog regarding unit dose bonus and served on Defendant; emailed to confirm availability for depositions | Nicholas Conlon |
| 9/25/2018 | 0.1 | Email correspondence regarding depostion schedule | Jason Brown |
| 9/25/2018 | 0.1 | Phone call with Jason Brown regarding  email from defense counsel regarding deposition dates | Nicholas Conlon |
| 9/25/2018 | 0.1 | Phone call with Nicholas Conlon regading  email from defense counsel  regarding deposition dates | Jason Brown |
| 9/25/2018 | 0.2 | Read and responded to email from defense counsel regarding deposition dates | Nicholas Conlon |
| 9/25/2018 | 0.2 | Send follow-up email to defense counsel regarding expected timing of their response to settlement demand made on 9/21 | Nicholas Conlon |
| 9/26/2018 | 0.2 | Send follow-up email to plaintiffs regarding deposition dates | Nicholas Conlon |
| 9/28/2018 | 0.1 | Incoming call from Angel Colon<br>Live transferred call to Nicholas Conlon | Osmara Suazo |
| 9/28/2018 | 0.2 | Phone call with Angel Colon | Nicholas Conlon |
| 9/28/2018 | 0.1 | Confirm Defendant's production is added to clio | Nicholas Conlon |
| 9/29/2018 | 0.3 | Reviewed and labelled Defendant's document production | Nicholas Conlon |
| 9/30/2018 | 0.5 | Review Defendant's recent document production | Nicholas Conlon |
| 10/2/2018 | 0.2 | Read and responded to emails with defense counsel regarding scheduling deposition's, questions about their damage estimate for settlement purposes | Nicholas Conlon |
| 10/2/2018 | 0.1 | Finalized proposed confidentiality order and submitted to chambers via email | Nicholas Conlon |
| 10/3/2018 | 0.8 | Drafted  email to defense counsel raising issues with scheduling Plaintiff's deposition's and failure to cooperate with scheduling Defendant's deposition's, and also addressing deficiencies in document production | Nicholas Conlon |
| 10/3/2018 | 0.8 | Drafted deposition notices for Mike Wissler, Brian Jones, and 30(b)(6); searched for court reporting services in the Clearwater Florida area | Nicholas Conlon |
| 10/3/2018 | 0.1 | Phone call with Jason Brown regarding noticing deposition's, dates and locations | Nicholas Conlon |

| Date | Hours | Description | Person |
|---|---|---|---|
| 10/3/2018 | 0.1 | Phone call with Nicholas Conlon regarding noticing deposition's, dates and locations | Jason Brown |
| 10/3/2018 | 0.1 | Phone call with Jason Brown regarding Defendant's question of whether we will agree to have fees submitted to court for resolution | Nicholas Conlon |
| 10/3/2018 | 0.1 | Phone call with Nicholas Conlon regarding Defendant's question of whether we will agree to have fees submitted to court for resolution | Jason Brown |
| 10/3/2018 | 0.1 | Phone call with defense counsel regarding her proposal to have court decide fees/costs in context of settlement for opt-ins' recovery. | Nicholas Conlon |
| 10/3/2018 | 0.1 | Follow-up call with defense counsel; made settlement demand | Nicholas Conlon |
| 10/3/2018 | 0.2 | Reviewed damage model and updated expense entries for purposes for determining amount to demand for opt-ins and fees/expenses | Nicholas Conlon |
| 10/4/2018 | 0.1 | Reviewed email from defense counsel with settlement offer | Nicholas Conlon |
| 10/4/2018 | 0.1 | Phone call with defense counsel regarding response to their offer | Nicholas Conlon |
| 10/4/2018 | 0.5 | Worked on damage model, built in formula to assess individual shares based on various settlement scenarios and created formula to factor in varying incentive award amounts | Nicholas Conlon |
| 10/5/2018 | 0.1 | Email from defense counsel regarding status of things | Jason Brown |
| 10/5/2018 | 0.1 | Phone call with defense counsel regarding settlement negotiations; discussed cap for attorneys' fees | Nicholas Conlon |
| 10/12/2018 | 1 | Pulled pacer and lexis expenses.<br>Entered-bv admin | Bernardo Valdez |
| 10/22/2018 | 0.1 | Incoming call from Attorney Marilynn Moran, I took message and forward to NC | Sueherminia Colon |
| 10/22/2018 | 0.1 | Phone call w/ defense counsel re: status of settlement docs | Nicholas Conlon |
| 10/23/2018 | 0.2 | Drafted and submitted letter to court notifying of settlement in principle | Nicholas Conlon |
| 10/24/2018 | 0.3 | Calculated final settlement splits | Nicholas Conlon |
| 10/24/2018 | 0.1 | Emailed Sawyer re; status of settlement | Nicholas Conlon |
| 10/24/2018 | 0.2 | Compiled time and expense records into spreadsheet and sent to admins to finalize | Nicholas Conlon |
| 10/25/2018 | 0.5 | Working on Jefree Sawyer v. Lincare Fees and Expenses Spreadsheet | Osmara Suazo |
| 10/27/2018 | 0.4 | review of settlement agreements | Jason Brown |
| 10/30/2018 | 0.6 | Reviewed and revised draft settlement agreement; research into Judge Leedson approval cases | Nicholas Conlon |
| 11/10/2018 | 0.3 | Reviewed and revised draft settlement agreement | Nicholas Conlon |
| 11/13/2018 | 0.5 | Further review and revision to settlement agreement and reviewed breakdown of settlement amount amongst the plaintiffs | Nicholas Conlon |
| 11/20/2018 | 0.1 | Answered incoming call from Anthony Kreitz, to give him instructions on how to process settlement docs and w9. | Bernardo Valdez |
| 11/20/2018 | 1.6 | Emailed settlement agreement and related docs and w9 forms to all clients.<br>entered-bv admin | Bernardo Valdez |
| 11/20/2018 | 0.1 | Updated Crystal hamilton's contact info in lex and clio.<br>entered-bv admin | Bernardo Valdez |
| 11/20/2018 | 0.1 | Incoming call from Frederick Stallings, BV clarified what the settlement agreement and tax docs were for, Stallings said he will sign forms soon.<br>Entered-bv admin | Bernardo Valdez |
| 11/20/2018 | 0.6 | Drafted settlement paperwork for each plaintiff as well as explanatory cover-email; sent to admins to send to each plaintiff | Nicholas Conlon |
| 11/26/2018 | 0.1 | Wrote instructions to BV for handling unresponsive plaintiff Frederick Stallings | Nicholas Conlon |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 11/27/2018 | 0.1 | Called and spoke to Frederick Stallings, confirmed he will look at docs today via email and process them.<br><br>Entered-by admin | Bernardo Valdez |
| 11/28/2018 | 0.2 | Sent client signed settlement agreements & w9s to defense counsel.<br><br>Entered-by admin | Bernardo Valdez |
| 11/30/2018 | 0.2 | Drafted status report re: settlement process - emailed to chambers | Nicholas Conlon |
| 11/30/2018 | 0.1 | r/r emails w/ defense counsel re: status report re: settlement process | Nicholas Conlon |
| 12/5/2018 | 0.1 | r/r emails w/ defense counsel re: status of motion to seal | Nicholas Conlon |
| 12/7/2018 | 0.1 | Reviewed and revised D's draft of joint motion to seal | Nicholas Conlon |
| 12/11/2018 | 0.1 | Incoming call from Frederick Stallings<br>Calling to ask about settlement checks<br>Spoke to NC and provided Mr. Stallings with the information NC provided | Osmara Suazo |
| 12/13/2018 | 0.1 | Reviewed order denying motion to seal and r/r emails w/ defense counsel re: whether they intend to re-file | Nicholas Conlon |
| 12/15/2018 | 1.5 | Reviewed motions for FLSA settlement approval and awards of attorneys' fees in FLSA cases in 3rd circuit; pulled filings to use as templates for upcoming motions | Nicholas Conlon |
| 12/16/2018 | 1.2 | Reviewed time entries and made stylistic edits to clarify descriptions; classified each entry by activity type in order to provide breakdown in fee petition | Nicholas Conlon |
| 12/17/2018 | 0.2 | Researched case law re: relevance of opposing counsel's fees for purposes of fee petition | Nicholas Conlon |
| 12/17/2018 | 1 | Worked on draft of motion for settlement approval | Nicholas Conlon |
| 12/18/2018 | 2.8 | Worked on portions of brief in support of motion for settlement approval | Nicholas Conlon |
| 12/19/2018 | 2.2 | Further work brief in support of motion for settlement approval; drafted notice of motion and proposed order; emailed to defense counsel for review | Nicholas Conlon |
| 12/19/2018 | 0.5 | Finalized and filed motion for settlement approval; created PDF exhibits w/ each P's signature on settlement docs; filed and emailed proposed order to clerk's office | Nicholas Conlon |
| 12/27/2018 | 0.1 | Email defense counsel re: potential interest in resolving motion for fees/expenses and whether they will share their time records in the event they oppose | Nicholas Conlon |
| 1/22/2019 | 0.1 | em from defendant offering 30k in fees | Jason Brown |
| 1/22/2019 | 0.1 | em back to NC re: whether its fees and expenses | Jason Brown |
| 1/28/2019 | 0.1 | Incoming call from Frederick Stallings<br>Took a message and forwarded message to NC | Osmara Suazo |
| 2/14/2019 | 0.2 | Phone call w/ Marilyn. Demanded $95k for fees/expenses. Her rate on this case is $270 because they are being paid by insurance. She usually bills $500 per hour. Reasonable rates are $250 - $350. Travel expenses are not recoverable because we were out-of-state counsel. Their fees are higher than our fees; they've had to do more. Not as much as 3:1, which she says is a proper ratio under the case law. She believes court would award between $50k and $70k. Client said $35k was max. Marilyn says if we get it closer to to $70k we might be able to get it done. I asked if they will have a prompt response - she said probably not because client is stuck at $95k, but she will check. | Nicholas Conlon |
| 2/7/2019 | 0.1 | Team meeting, discussed case with JTB, NC, TT and LC | Jason Brown |
| 2/7/2019 | 0.2 | Team meeting, discussed case with JTB, NC, TT and LC | Lotus Cannon |
| 2/7/2019 | 0.2 | Team meeting, discussed case with JTB, NC, TT and LC | Nicholas Conlon |
| 2/7/2019 | 0.2 | Team meeting, discussed case with JTB, NC, TT and LC | Tony Teng |
| 2/20/2019 | 0.1 | Called Frederick Stallings<br>There was no response. Left vm | Osmara Suazo |
| 2/20/2019 | 0.1 | Spoke to Frederick Stallings<br>Informed client we are still awaiting court approval as NC stated | Osmara Suazo |
| 4/10/2019 | 0.8 | Researched case law in 3rd circuit re: contested motions for attorneys' fees in FLSA cases | Nicholas Conlon |
| 4/22/2019 | 0.8 | review of entire file billing and expenses for fee petition | Jason Brown |
| 4/10/2019 | 0.3 | sw JTB re: Researched case law in 3rd circuit re: contested motions for attorneys' fees in FLSA cases and status of settlement negotiations on fees to save the Court from troubling it with a a fee peititon | Nicholas Conlon |
| 4/10/2019 | 0.3 | sw NC re: Researched case law in 3rd circuit re: contested motions for attorneys' fees in FLSA cases and status of settlement negotiations on fees to save the Court from troubling it with a a fee peititon | Jason Brown |

| Date | Hours | Description | Person |
|------|-------|-------------|--------|
| 4/22/2019 | 0.3 | sw NC re: last ditch effort to compromise fees so as to not trouble the court or alternatively plan to submit this week | Jason Brown |
| 4/22/2019 | 0.3 | sw NC re: last ditch effort to compromise fees so as to not trouble the court or alternatively plan to submit this week | Nicholas Conlon |
| 4/11/2019 | 0.7 | Further legal research in prep for motion for attorneys' fees - continued reviewing cases in which settlement reached and fees submitted to court | Nicholas Conlon |
| 4/20/2019 | 2.9 | Further legal research in prep for motion for attorneys' fees - continued compiling/reviewing cases in which fees decided by court after settlement; reviewed 3rd circuit case law re: whether common fund analysis applies | Nicholas Conlon |
| 4/20/2019 | 1 | Further legal research in prep for motion for attorneys' fees - researched 3rd circuit case law approval of various types of litigation expenses | Nicholas Conlon |
| 4/22/2019 | 2.8 | Worked on outline for brief in support of motion for attorneys' fees - reviewed cases compiled in research and added relevant passages to outline; reviewed motions filed in similar cases | Nicholas Conlon |
| 4/23/2019 | 2.4 | work on finalizing brief for approval of fees, argument, caselaw and final proofs | Jason Brown |
| 4/23/2019 | 1.5 | Gather all LX Advance, Courtlink, and Pacer expenses for update, update postage, compile into spreadsheet for NC to review. | Rebecca Mahabir |
| 4/23/2019 | 0.5 | work on Firm Resume | Jason Brown |
| 4/22/2019 | 0.8 | Reviewed time and expense records for clarity; reviewed current draft of firm resume and sent to RM for further edits; reviewed fee petitions in recent cases to assess ways to improve presentation of records in exhibits | Nicholas Conlon |
| 4/22/2019 | 0.7 | Reviewed cases in which court ruled on contested fee petition filed after settlement and made notes re: settlements amounts and amounts awarded as fees to include in string cite | Nicholas Conlon |
| 4/22/2019 | 7.4 | Drafted full brief in support of motion for attorneys' fees | Nicholas Conlon |
| 4/23/2019 | 4.3 | Finalized motion for attorneys' fees - reviewed expense records and further clarified descriptions; reviewed JTB's edits to brief; added discussion of efforts to resolve fee petition and need for defense to submit their own time records; reviewed brief and added citations to declaration and table of contents; checked Judge Leeson's individual practices and added required content. Drafted declaration of Jason Brown, notice of motion and proposed order | Nicholas Conlon |

# EXHIBIT C

| Date | Description | Amount |
|---|---|---|
| 10/28/2016 | Complaint Filing Fee | $400.00 |
| 10/28/2016 | Fedex charge for mailing complaint to EDPA | $27.50 |
| 1/23/2017 | Process Server fee to Guaranteed Subpoena for serving complaint and summons on LINCARE INC. | $129.99 |
| 1/23/2017 | Process Server fee to Guaranteed Subpoena for serving complaint and summons on Healthcare Solution At Home Inc | $35.00 |
| 1/26/2017 | Fee to PostNet for notarizing Nicholas Conlon motion for Pro Hac Vice admission | $5.00 |
| 1/27/2017 | Fee for Pro Hac Vice Application for Nicholas Conlon and postage: sent USPS First Class ( $1.40 ) Pre-Paid Return Envelope - $0.46 Filing fee ($40.00) | $41.86 |
| 3/15/2017 | Postage for mailing courtesy copies of Plaintiff's Pre Disc Motion for Cond. Cert | $6.25 |
| 5/31/2017 | Mileage for use of personal vechile for Jason Brown to travel from Jersey City, NJ to Allentown, PA for Initial Conference (208 mi round trip at $0.535) | $111.28 |
| 5/31/2017 | Meal for Jason Brown while travelling for Initial Conference. Dinner at EMERILS FISH HOUSE | $51.73 |
| 5/31/2017 | Meals for Jason Brown while travelling for Initial Conference. Purchase of snacks/beverage at THE MARKET | $5.49 |
| 5/31/2017 | Fee for parking for JTB to attend Initial Conference. Paid to "ALLENTOWN PARKING AUTH ALLENTOWN PA" | $4.00 |
| 5/31/2017 | Meals for Jason Brown while travelling for Initial Conference. Purchase of snacks/beverage at "TA #48 BLOOMSBURY NJ   BLOOMSBURY NJ" | $4.00 |
| 5/31/2017 | Toll fars for Jason Brown to travel from Jersey City, NJ to Allentown, PA for Initial Conference | $5.95 |
| 7/13/2018 | Postage: Sent Plaintiff's First Set of Rogs and RFPs to Defense Counsel via First Class Mail | $1.84 |
| 7/20/2018 | Postage: Sent Defendant's First Request of Rogs/RFP to Client via USPS Priority w/ prepaid return envelop | $13.10 |
| 9/10/2018 | Mileage for use of personal vechile for Jason Brown to travel from Jersey City, NJ to Reading, PA for Sawyer deposition 248 miles at 54.5 cents per mile | $135.16 |
| 9/10/2018 | Toll fares for Jason Brown to travel from Jersey City, NJ to Reading, PA and back for Sawyer depositions | $6.30 |
| 9/8/2018 | Depositons of Shenck/Sawyer in Reading/Hamburg, PA travel - hotel fare  Jason Brown Room 1 night; 9/8/2018FAIRFIELD INN & SUITES128.76  Nicholas Conlon Room 1 night; 9/8/2018FAIRFIELD INN & SUITES150.96 | $279.72 |
| 9/6/2018 | Meals for Jason Brown and Nicholas Conlon while travelling to Reading/Hamburg, PA for Schenk and Sawyer depositions  9/6/2018COASTAL GRILLE64.91  9/6/2018WHITE CASTLE 0900456.99 | $71.90 |
| 9/7/2018 | Meals for Jason Brown while travelling to Reading/Hamburg, PA for Schenk and Sawyer depositions  9/7/2018"CMSVEND*WEST DAIRY VEN SPRING CITY   PA | $1.25 |
| 9/21/2018 | Toll fares paid to ENTERPRISE RENT A CAR for Nicholas Conlon to travel from Jersey City, NJ to Reading, PA for Sawyer depositions | $2.90 |

| | | |
|---|---|---|
| 9/7/2018 | Lunch for NC, JTB, court reporter, defense counsel, and Sawyer during Sawyer's depo - LOUEE'S PIZZA | $33.03 |
| 9/7/2018 | Lunch for NC and Sawyer after Schenk's depo; met and discussed Sawyer's deposition scheduled for the next day - SALSA BURRITO | $19.06 |
| 9/6/2018 | Parking fee for Nicholas Conlon to attend Justin Schenk's deposition - READING PARKING AUTHOR | $11.00 |
| 9/6/2018 | Nicholas Conlon filled rental car gas tank before returning it after trip to Reading, PA for Schenk and Sawyer depositions - SPEEDWAY | $13.58 |
| 7/19/2018 | Bill from Simpluris (claims administrator) for sending Court-approved notice to 54 putative collective members and processing incoming consent forms | $725.93 |
| 9/6/2018 | Rental car fee for Nicholas Conlon's trip to Reading PA for Schenk and Sawyer depositions - ENTERPRISE | $137.58 |
| 10/12/2018 | PACER Expenses | $49.17 |
| 10/12/2018 | LexisNexis Expenses | $466.19 |
| | TOTAL | $2,795.76 |