## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY SAWYER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HEALTH CARE SOLUTIONS AT HOME INC. and LINCARE INC.,<br><br>    Defendants. | Civil Action No. 5:16-cv-05674-JFL<br><br>*Electronically Filed* |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

Defendants, Health Care Solutions at Home Inc. and Lincare Inc. ("Defendants"), by and through the undersigned counsel, hereby file this Brief in Opposition to Plaintiffs' Motion for Attorneys' Fees and Expenses ("Motion") [Doc. No. 53]. For the reasons stated below, Plaintiffs' Motion should be denied in large part.

## TABLE OF CONTENTS

                                                                                                                                  **Page**

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 1

STATEMENT OF THE QUESTIONS INVOLVED ............................................................... 2

SUMMARY OF ARGUMENT ................................................................................................ 2

ARGUMENT ............................................................................................................................ 3

    I.    THIS COURT SHOULD SIGNIFICANTLY REDUCE THE ATTORNEYS' FEES AWARD SOUGHT BY PLAINTIFFS' COUNSEL BECAUSE THE REQUESTED HOURLY RATES ARE EXCESSIVE FOR THE ALLENTOWN, PENNSYLVANIA LEGAL MARKET, AND THE HOURS EXPENDED WERE UNREASONABLE CONSIDERING THE LIMITED RESULTS OBTAINED AND PLAINTIFFS' COUNSEL'S LACK OF BILLING JUDGMENT. ............................................... 3

        A.    Reasonable Hourly Rate ................................................................................. 4

            1.    Jason Brown .................................................................................... 5

            2.    Nicholas Conlon .............................................................................. 6

            3.    Rate for Work Performed by "Assistants" ..................................... 6

        B.    Number of Hours Reasonably Expended ....................................................... 6

            1.    Lack of Billing Judgment ................................................................ 7

                (a)    Excessive Time Spent on Tasks ......................................... 7

                (b)    Multiple Attorneys Performing Same Tasks and Attending Same Deposition, Inter-Office Conferences, and Inefficient Staffing ............................... 8

                (c)    Clerical and Administrative Tasks ..................................... 9

                (d)    Time Spent on Travel to Forum and Pro Hac Vice Admission ........................................................................ 10

        C.    Adjustment of Lodestar Based on Results Obtained ............................... 11

        D.    Total Recoverable Attorneys' Fees .............................................................. 12

    II.    THIS COURT SHOULD DECLINE TO AWARD SOME OF THE LITIGATION EXPENSES REQUESTED BY PLAINTIFFS' COUNSEL BECAUSE THE COSTS ARE NOT RECOVERABLE. .................................... 13

        A.    Travel Costs and Expenses Related to Pro Hac Vice Admission ............ 13

        B.    Computerized Research ............................................................................... 14

        C.    Total Recoverable Costs .............................................................................. 14

## TABLE OF CONTENTS
(continued)

**Page**

CONCLUSION .................................................................................................................. 15

CERTIFICATION REGARDING FILING AND SERVICE ....................................................... 16

# TABLE OF AUTHORITIES

*BD v. DeBuono*,
   177 F. Supp. 2d 201 (S.D.N.Y. 2001) ................................................................................... 14

*Brown v. Trueblue, Inc.*,
   No. 1:10-cv-00514, 2013 U.S. Dist. LEXIS 158476 (M.D. Pa. Nov. 5, 2013) ....................... 5

*Citibank, N.A. v. Hicks*,
   No. 03-2283, 2004 U.S. Dist. LEXIS 30432 (E.D. Pa. Aug. 24, 2004) ............................. 8-9

*Daggett v. Kimmelman*,
   811 F.2d 793 (3d Cir. 1987) ................................................................................................... 8

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................ 3, 5, 7, 8, 11

*In re Amatex Corp.*,
   70 B.R. 624 (Bankr. E.D. Pa. 1985) ....................................................................................... 9

*In re Chickie's & Pete's Wage & Hour Litig.*,
   No. 12-6820, 2014 U.S. Dist. LEXIS 30366 (E.D. Pa. Mar. 7, 2014) ..................................... 4

*Interfaith Community Org. v. Honeywell, Int'l, Inc.*,
   426 F.3d 694 (3d Cir. 2005) ..................................................................................... 3-4, 10, 13

*Jordan v. Se. Pa. Transp. Auth.*,
   No. 10-3470, 2013 U.S. Dist. LEXIS 42123 (E.D. Pa. Mar. 26, 2013) .............................. 9-10

*Mabry v. Hildebrandt, No. 14:5525*,
   2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015) ................................................... 13

*Rode v. Dellaciprete*,
   892 F.2d 1177 (3d Cir. 1990) ............................................................................................ 4, 8

*Smith v. Philadelphia House. Auth.*,
   107 F.3d 223 (3d Cir. 1997) .............................................................................................. 4, 5

*Steward v. Sears, Roebuck & Co.*,
   No. 02-8921, 2008 U.S. Dist. LEXIS 34971 (E.D. Pa. Apr. 29, 2008) .................................... 4

*United States ex rel. Feldman v. Gorp,*
   No. 03 Civ. 8135 (WHP), 2011 U.S. Dist. LEXIS 14914 (S.D.N.Y. Feb. 9, 2011) ........ 10-11

*Wales v. Jack M. Berry, Inc.*,
   192 F. Supp. 2d 1313 (M.D. Fla. 2001) ............................................................................... 12

*Williams v. Navmar Applied Scis. Corp.*,
   No. 16-4639, 2017 U.S. Dist. LEXIS 125957 (E.D. Pa. Aug. 9, 2017) .................................. 4

# INTRODUCTION

This case began with Plaintiff, Jeffrey Sawyer, bringing a putative statewide collective and class action under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act on behalf of approximately 200 service representatives and customer service representatives employed by Defendants in the state of Pennsylvania. Ultimately, the Court conditionally certified a much smaller class consisting of 54 employees in just five of Defendants' more than 20 locations, and only five individuals opted to join this lawsuit. Due to the lack of interest in joining this action and the small amount of alleged damages in dispute, Plaintiffs' counsel resolved this case for the modest sum of $21,900.01.

Despite the marginal success obtained, Plaintiffs' counsel now asks the Court to award them 500 percent of the settlement amount -- $110,000.00 -- in attorneys' fees and costs. As detailed below, the fees charged, time expended, and litigation costs incurred by Plaintiffs' counsel and clerical staff were excessive, unreasonable, or otherwise not recoverable. Therefore, this Court should deny Plaintiffs' sweeping request for fees and costs, in large part, and significantly reduce the fee award to conform to the law of the Third Circuit and to reflect the limited results obtained in this case.

# STATEMENT OF FACTS

Plaintiff, Jeffrey Sawyer, brought suit on behalf of himself and all service representatives and customer service representatives employed by Defendants at over 20 locations across the state of Pennsylvania, claiming that Defendants failed to compensate them for all overtime hours worked. *See* Complaint (Doc. 1) at ¶¶ 1-6. Defendants denied any wrongdoing. *See* Answer (Doc. 12).

Significantly, Defendants successfully defeated Mr. Sawyer's bid for statewide certification, and the Court conditionally certified a putative FLSA collective comprised of

employees from just five locations. *See* Doc. 35 at ¶ 1. Thus, despite the efforts expended by Plaintiffs' counsel pre-suit and during the first year of this lawsuit, the potential number of opt-in plaintiffs able to participate in this action was substantially reduced from approximately 200 individuals to 54. **Ultimately, only five individuals opted to join this lawsuit, representing slightly less than ten percent of the potential opt-in plaintiffs who received Court-facilitated notice and less than three percent of the statewide collective initially proposed by Plaintiffs' counsel.** After engaging in some written discovery, Defendants' counsel deposed former manager Justin Schenk and Mr. Sawyer. Soon thereafter, the parties settled the lawsuit in October 2018 for $21,900.01, to be shared by Mr. Sawyer and his five opt-ins. It is against this background that Plaintiffs' counsel now comes before the Court seeking to recover attorneys' fees and costs in the amount of $110,000.00 as the "prevailing party" in this action.

## STATEMENT OF THE QUESTIONS INVOLVED

**Question 1**: Whether Plaintiffs' counsel should recover $107,204.24 in attorneys' fees?

**Answer**: No, this Court should drastically reduce the attorneys' fee award to omit excessive, unreasonable, and non-compensable charges, and to reflect the limited results achieved, and award no more than $40,322.50 in attorneys' fees.

**Question 2**: Whether Plaintiffs' counsel should recover $2,795.76 in litigation expenses?

**Answer**: No, the Court should omit unrecoverable travel costs, costs related to pro hac vice admission, and overhead costs, and award Plaintiffs' counsel no more than $1,444.87 in litigation expenses.

## SUMMARY OF ARGUMENT

Although Plaintiffs' counsel is entitled to recover an award of reasonable attorneys' fees and costs in this case, the award sought is grossly excessive and unreasonable. As reflected in Exhibit B to Jason Brown's Declaration (Doc. 53-2), Plaintiffs' counsel is attempting to recover

excessive fees for inter-office conferences between attorneys and staff members, multiple attorneys performing the same tasks and attending the same deposition, purely clerical tasks performed by non-legal professionals, and unrecoverable time spent traveling to and from the Eastern District of Pennsylvania from New Jersey. Likewise, as reflected in Exhibit C to Jason Brown's Declaration (Doc. 53-2), Plaintiffs' counsel is requesting reimbursement for unrecoverable travel expenses and overhead expenses. Whether the Court uses the lodestar method or the percentage-of-recovery method for calculating the fee award, the award should appropriately reflect the limited results obtained in this case, versus the large expenditure of attorney time pursuing an unsustainable statewide collective action. As shown below, the $110,000.00 award of fees and costs proposed by Plaintiffs' counsel is not supported by the law of the Third Circuit, and the Court should drastically reduce the award accordingly. Specifically, Defendants contend that Plaintiffs' counsel should be awarded no more than $40,322.50 in attorneys' fees and $1,444.87 in litigation expenses, for a total award not to exceed **$41,767.37**.

## ARGUMENT

**I.  THIS COURT SHOULD SIGNIFICANTLY REDUCE THE ATTORNEYS' FEES AWARD SOUGHT BY PLAINTIFFS' COUNSEL BECAUSE THE REQUESTED HOURLY RATES ARE EXCESSIVE FOR THE ALLENTOWN, PENNSYLVANIA LEGAL MARKET, AND THE HOURS EXPENDED WERE UNREASONABLE CONSIDERING THE LIMITED RESULTS OBTAINED AND PLAINTIFFS' COUNSEL'S LACK OF BILLING JUDGMENT.**

An award of reasonable attorneys' fees and costs under 29. U.S.C. § 216(b) requires that the party be a prevailing party, in that the party must have obtained some of the relief on the merits of his claim. *See Interfaith Community Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). The applicant bears the burden of establishing entitlement to an award, which includes documenting the appropriate hours and maintaining accurate time records. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In FLSA cases, courts in the Third Circuit have analyzed

attorneys' fees requests using the lodestar method and the percentage-of-recovery method. *See In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 U.S. Dist. LEXIS 30366, *12 (E.D. Pa. Mar. 7, 2014). To determine what is reasonable under the lodestar formula requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* Once the Defendants make specific objections to the requested fees, the Court must scrutinize Plaintiffs' Motion for Attorneys' Fees to ascertain the number of hours reasonably billed and then multiply that figure by an appropriate hourly rate.[1] *Id.* In addition, the Court has "a great deal of discretion" to make downward adjustments to the lodestar, if appropriate. *Rode v. Dellaciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *see also Steward v. Sears, Roebuck & Co.*, No. 02-8921, 2008 U.S. Dist. LEXIS 34971, *5 (E.D. Pa. Apr. 29, 2008).

In contrast to the lodestar method, the percentage-of-recovery method allows a district judge to award attorneys' fees as a percentage of the total fund recovered. *See In re Chickie's & Pete's*, 2014 U.S. Dist. LEXIS 30366 at *12. Generally, fee awards have ranged from 19 percent to 45 percent of the settlement fund using the percentage-of-recovery method. *Id.*

### A.     **Reasonable Hourly Rate**

The reasonable hourly rate is calculated "according to the prevailing market rates in the community." *Smith v. Philadelphia House. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). When determining the proper hourly rate, the Court must consider prevailing market rates and the skill and experience of the prevailing party's attorneys. *Id.* The party seeking attorney's fees bears

---

[1] Defendants apologize for requiring the Court to perform what has been described by the Honorable Gerald J. Pappert as the "hellish judicial exercise" of resolving a disputed attorneys' fee petition. *Williams v. Navmar Applied Scis. Corp.*, No. 16-4639, 2017 U.S. Dist. LEXIS 125957, *3 (E.D. Pa. Aug. 9, 2017). Unfortunately, the parties could not agree on a reasonable fee for Plaintiffs' counsel, and Plaintiffs' Motion for Attorneys' Fees predictably seeks to force Defendants to pay for non-compensable, redundant, and excessive work, as well as wholly unnecessary fees incurred traveling to and from this forum and using multiple attorneys to perform the same task, among other things.

the burden of producing sufficient evidence of what constitutes a reasonable market rate. *Id.* If a party fails to meet that burden, the district court may exercise its discretion in fixing a reasonable hourly rate, or "reduc[ing] the award accordingly." *Hensley*, 461 U.S. at 433.

### 1. <u>Jason Brown</u>

Plaintiffs contend that the reasonable hourly rate of their lead counsel, Jason Brown, is $600.00 per hour. In *Brown v. Trueblue, Inc.*, No. 1:10-cv-00514, 2013 U.S. Dist. LEXIS 158476, *6 (M.D. Pa. Nov. 5, 2013), which was a case arising under the FLSA, the district court analyzed the reasonable hourly rate of Mr. Brown. In that case, Mr. Brown, who was admitted to practice in 1996, requested an hourly rate of $375.00 per hour. *Id.* At that time, which was only three years before Mr. Brown filed this lawsuit, the district court concluded that Mr. Brown's proposed rate of $375.00 per hour was slightly excessive but "generally in line with the range of hourly rates established by Community Legal Services' recommended hourly fee schedule for attorneys in the Philadelphia area." *Id.*

Based on the current CLS schedule, the reasonable rate range for attorneys with 21 to 25 years' experience is $550.00 to $640.00 per hour. Defendants respectfully suggest that the lower end of this range, $550.00 per hour, is more than a reasonable rate for an attorney of Mr. Brown's experience to litigate an FLSA lawsuit in this district[2]. As a result, this Court should apply the rate of $550.00 per hour to Mr. Brown's services, to the extent the Court determines that the services were reasonably expended and otherwise recoverable.

---

[2] Defendants' counsel, who is a 20-year attorney, former federal law clerk, and a partner at a national employment law boutique firm, billed her time at $270 per hour (the EPLI insurance rate applicable to this lawsuit).

### 2. Nicholas Conlon

Defendants similarly dispute the hourly rate suggested for attorney Nicholas Conlon and maintain that the Court should apply an hourly rate based on the lowest end of the CLS schedule, which not only reflects Mr. Conlon's level of experience, but also takes into account the fact that the FLSA claim at issue was not unusually complex or deserving of a higher hourly rate. Based on the current CLS schedule, the reasonable rate range for attorneys with six to 10 years' experience is $280.00 to $360 per hour. Therefore, Defendants ask the Court to apply the rate of $280.00 per hour to Mr. Conlon's services, to the extent the Court determines that the services were reasonably expended and otherwise recoverable.[3]

### 3. Rate for Work Performed by "Assistants"

Plaintiffs' counsel request a rate of $150.00 per hour for various "assistants" who performed work on this case. As explained below, and as shown in the chart attached as Exhibit A, however, the work performed by the assistants was clerical in nature, and Plaintiffs' counsel have not provided sufficient information concerning the assistants' training and experience to justify charging *any* fee for their services, much less $150.00 per hour. As a result, the Court should not include any charges related to work performed by the following individuals: Sueherminia Colon, Esmerelda Pereyra, Vanessa Reyes, Osmara Suazo, Bernardo Valdez, Christy Weser, and Rebecca Mahabir.

### B. Number of Hours Reasonably Expended

The number of hours claimed by Plaintiffs' counsel should also be substantially reduced or excluded due to lack of billing judgment and billing for non-compensable work.

---

[3] This is especially appropriate because, for the majority of time spent litigating this lawsuit, Mr. Conlon had five years' experience or less, for which the CLS schedule suggests a reasonable hourly rate of $230.00 to $275.00.

Acknowledging the Court's need for specific objections to a party's request for attorney's fees, Defendants have set forth the specific objections to the voluminous billing entries of Plaintiffs' counsel in the chart attached as Exhibit A. In doing so, Defendants have endeavored to be reasonable in their objections and focus the Court's attention only to those entries that are clearly objectionable. The challenged time entries are highlighted for the Court's convenience, with a corresponding objection code. A key explaining the codes used has been included on the bottom of each page. The governing legal standards supporting Defendants' objections are discussed below.

### 1. Lack of Billing Judgment

Courts have repeatedly warned that fee applicants must exercise "billing judgment." *See, e.g., Hensley*, 461 U.S. at 434. This requires fee applicants to exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]." *Id.* at 434. Billing judgment also requires attorneys to avoid vague billing entries, which preclude the Court from determining that hours were reasonably expended, and to staff a case efficiently so as to avoid duplication of effort and unnecessary layering of fees. Further, under the concept of billing judgment, a fee petition should not reflect hours that lawyers would not properly bill their own client. *Id.* The proper remedy when there is no evidence of billing judgment is for the Court to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment.

#### (a) Excessive Time Spent on Tasks

The billing records of Plaintiffs' counsel show that the time billed to perform certain tasks was clearly excessive. *See* Exhibit A – time entries coded with objection code "E" (for excessive). For example, three attorneys billed a total of 26.8 hours drafting a 10 page, double-spaced Reply (filed May 5, 2017). Similarly, two senior attorneys spent 6.8 hours drafting a three-page, double spaced letter to the Court (delivered by e-mail on June 9, 2017) regarding the

enforceability of class waivers, and 20.4 hours drafting a response to a motion for reconsideration. The Court should reduce the attorneys' fee award to account for this excessive billing, and reduce the time spent on the entries marked with objection code "E" by 50 percent.[4]

### (b) Duplication of Effort, Multiple Attorneys Performing Same Tasks, Inter-Office Conferences, and Inefficient Staffing

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Rode*, 892 F.2d at 1187 (reduction for duplication of work by attorneys appropriate where attorneys are unreasonably performing same work). Thus, courts have emphasized that attorneys should staff a case with an eye toward efficiency, with work performed by the professional with the appropriate level of training and experience. In addition, courts generally frown upon attorneys who bill for inter-office conferences because the fees for such time are not ordinarily borne by a client and, consequently, are not compensable. Indeed, the Third Circuit has recognized that when several attorneys bill a large number of hours for strategy and internal conferences, a reduction in the fee request may be appropriate. *See Daggett v. Kimmelman*, 811 F.2d 793, 797 (3d Cir. 1987) (excessive attorney conferencing by plaintiff's counsel should not be borne by defendant in fee award); *see also Citibank, N.A. v. Hicks*, No. 03-2283, 2004 U.S.

---

[4] In their Motion, Plaintiffs' counsel ask the Court to order Defendants' counsel to produce their billing records in this case. Such request is wholly inappropriate and unnecessary, however. As noted above, Defendants' counsel were tasked with defending against a putative statewide FLSA collective action and a class action under Pennsylvania state law that encompassed over 20 locations and over 200 employees. The burden of engaging in electronic discovery, alone, was incredibly time-consuming and expensive, considering Plaintiffs' wildly overbroad and non-proportional demands for statewide discovery. Moreover, although Plaintiffs' counsel claims they took the deposition of Justin Schenk, in fact, Plaintiffs' counsel asked just a few follow-up questions of Mr. Schenk (who was their witness, not Defendants') at the end of his deposition. Plaintiffs' counsel did not take the deposition of any defense witness. As a result, the amount of time expended by Defendants' counsel to defend against this overstated, unsustainable, and largely unsuccessful collective action bears little relevance to the time and effort expended by Plaintiffs' counsel.

Dist. LEXIS 30432, at *16-19 (E.D. Pa. Aug. 24, 2004); *In re Amatex Corp.*, 70 B.R. 624, 626 (Bankr. E.D. Pa. 1985).

Here, it is evident from the billing records of Plaintiffs' counsel that a substantial percentage of the attorneys' time was spent reviewing each other's correspondence, responding to each other's emails, and participating in telephone conferences and meetings with each other and members of their support staff. *See* Exhibit A - time entries coded with objection code "I" (for inter-office conferences). Further, there was frequent duplication and sometimes triplication of effort, multiple attorneys performing the same task, and inefficient staffing decisions. *See* Exhibit A - time entries coded with objection code "D" (for duplicative). For example, it was unnecessary for Mr. Conlon to bill for his attendance at the deposition of Mr. Sawyer, which Mr. Brown defended. Mr. Brown is an attorney with over 20 years' experience. He certainly did not require any assistance to defend a deposition.[5] Nor did he require the extensive "preparation" that he was provided by Mr. Conlon and Mr. Lin to enable him to defend a routine deposition no different from countless others he has defended during his career. Therefore, as more specifically identified in Exhibit A, this Court should disallow recovery of attorneys' fees for time devoted to inter-office conferences, and attorneys performing the same tasks, attending the same proceeding, or performing mundane tasks.

### (c)     Clerical and Administrative Tasks

As noted above, the efforts of non-lawyers are only recoverable if the non-lawyer performs work traditionally done by an attorney. If the work performed is clerical or administrative in nature, it falls in the category of overhead expenses and is not recoverable. *See Jordan v. Se. Pa. Transp. Auth.*, No. 10-3470, 2013 U.S. Dist. LEXIS 42123, at *3 (E.D. Pa.

Mar. 26, 2013) ("costs of clerical work, such as copying and filing, are ordinarily considered to be part of an attorney's rate as office overhead").  Plaintiffs' counsel seeks fees for services performed by seven different "assistants" performing purely clerical and administrative tasks, such as e-filing documents with the Court, transferring calls or taking telephone messages, mailing correspondence, and making photocopies.  Such tasks are not considered "legal work" traditionally performed by an attorney; therefore, all of the time entries marked with objection code "C" (for clerical) on Exhibit A should be excluded from the Court's fee award.

### (d) Time Spent on Travel to Forum and Pro Hac Vice Admission

Plaintiffs' counsel's billing records include multiple entries for time spent traveling between New Jersey, where Plaintiffs' counsel's office is located, and the Eastern District of Pennsylvania, where this action was filed.  While Mr. Sawyer had the right to choose his own counsel, he may not shift the burden of his attorneys' travel time or expenses to Defendants, unless the travel was reasonably necessary for the litigation of the case.  *See Interfaith*, 426 F.3d at 710 (party who hires counsel outside forum may not be compensated for travel time or travel costs absent evidence that counsel within forum were unwilling to represent plaintiff).  Of course, there were ample attorneys in the Eastern District of Pennsylvania who could have handled this case without incurring thousands of dollars in additional attorneys' fees and expenses traveling to and from this forum.  Consequently, this Court should exclude all travel time and costs incurred by Plaintiffs' counsel as non-compensable.  Likewise, the Court should exclude all attorneys' fees incurred by Plaintiffs' counsel to gain pro hac vice admission to practice in the Eastern District of Pennsylvania.  *See United States ex rel. Feldman v. Gorp*, No.

---

(continued)

[5] Defendants' counsel, who has two years' less experience than Mr. Brown, took the depositions without the need for any other attorneys to be present.

03 Civ. 8135 (WHP), 2011 U.S. Dist. LEXIS 14914, *14 (S.D.N.Y. Feb. 9, 2011) (subtracting costs related to pro hac vice motion from fee award for same reason that travel costs to forum were excluded – competent counsel was available within forum and costs were not reasonably incurred).

### C.   Adjustment of Lodestar Based on Results Obtained

After the Court has made the necessary deductions from the lodestar amount based on the attorneys' reasonable hourly rates and hours expended on the litigation, the Court may, at its discretion, further adjust the lodestar amount in light of the results obtained. Adjustments may be based upon partial or limited success or exceptional results. *Hensley*, 461 U.S. at 436-37.

Here, Plaintiffs' counsel initially brought suit on behalf of Mr. Sawyer and all service representatives and customer service representatives employed by Defendants at over 20 locations across the state of Pennsylvania, but the Court only conditionally certified an FLSA collective comprised of employees from five locations. *See* Doc. 35 at ¶ 1. Thus, despite the efforts expended by Plaintiffs' counsel pre-suit and during the first year of this lawsuit, the potential number of opt-in plaintiffs able to participate in this action was substantially reduced by 73 percent, from approximately 200 individuals to just 54. Further, only five individuals ultimately opted to join this lawsuit, representing slightly less than ten percent of the potential opt-in plaintiffs who received Court-facilitated notice and less than three percent of the statewide collective initially proposed by Plaintiffs' counsel. This disappointing participation rate fueled the parties' settlement discussions, resulting in a settlement amount of $21,900.01, to be shared by Mr. Sawyer and the five opt-in plaintiffs.

Although Defendants recognize that the degree of Plaintiffs' success is not measured solely by the amount of damages recovered, it is proper for the Court to determine whether the relief obtained justified the expenditure of attorney time in this case. *See Hensley*, 461 U.S. at

435 n.11.  Respectfully, the modest relief Plaintiffs' counsel obtained after attempting, in vain, to bring an unsustainable statewide collective action on behalf of two hundred employees does not justify an attorneys' fee award 500 percent greater the total settlement amount of $21,900.01. Therefore, Defendants ask the Court to use its substantial discretion to adjust the lodestar amount downward by an additional 50 percent, which is more than generous in light of the results obtained versus the time expended on this case.  *See Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1326 (M.D. Fla. 2001) (limited monetary recovery of only $21,000 in collective action class resulted in a 67% reduction in lodestar).

### D. Total Recoverable Attorneys' Fees Based on Lodestar and Percent-of-Recovery Method

Applying the hourly rates of $550.00 for Mr. Brown; $280.00 for Mr. Conlon; and $220 for Mr. Lin; reducing the time spent on entries marked "E" for excessive by 50 percent, and excluding any recovery for the other highlighted time entries marked C, I, D, and T, would result in a new lodestar amount of $80,645.00.

Timekeepers

Jason Brown – 34.8 hours x $550/hr. = $19,140.00

Nicholas Conlon- 139.4 hours x $280/hr. = $39,032.00

Benjamin Lin – 102.15 hours x $220/hr. = $22,473.00

TOTAL:  $80,645.00

If the Court were to apply a 50 percent downward adjustment of the new lodestar amount based on the limited results obtained, the net amount of reasonable attorneys' fees for this case would be **$40,322.50**.  Notably, even with a 50 percent reduction of the lodestar, the amount of fees would still be more than 200 percent greater than the amount recovered.

In contrast, applying the percentage of recovery method, which is the Third Circuit's prevailing method for wage and hour cases, the attorneys' fee award would be $**9,855.00** (applying the very highest range of recovery -- 45 percent -- allowed in this circuit for collective and class action settlements).  *See Mabry v. Hildebrandt*, No. 14:5525, 2015 U.S. Dist. LEXIS 112137, *9-10 (E.D. Pa. Aug. 24, 2015).  Consequently, Defendants respectfully ask the Court to award Plaintiffs' counsel no more than $40,322.50 in attorneys' fees for this case.

## II.     THIS COURT SHOULD DECLINE TO AWARD SOME OF THE LITIGATION EXPENSES REQUESTED BY PLAINTIFFS' COUNSEL BECAUSE THE COSTS ARE NOT RECOVERABLE.

The recovery of costs is limited to the reasonable expenses incurred in case preparation, except routine office overhead normally absorbed by the practicing attorney. *See Interfaith Community Organization*, 426 F.3d at 710. To recover its litigation expenses, the prevailing party bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether the prevailing party is entitled to them.  *Id.*

### A.     Travel Costs and Expenses Related to Pro Hac Vice Admission

Plaintiffs' counsel asks the Court to require Defendants to pay for their meals, tolls, mileage, rental cars, hotel rooms, and gas charges to travel to and from the Eastern District of Pennsylvania.  As shown above, these expenses were only incurred because Mr. Sawyer elected to use counsel outside the Eastern District of Pennsylvania, which was his choice but not reasonably necessary as required to shift this cost to Defendants.  *See id.* (counsel outside forum may not be compensated for travel costs absent evidence that counsel within forum were unwilling to represent plaintiff).  For the same reason, the Court should not award any expenses related to Plaintiffs' counsel seeking pro hac vice admission to practice in this Court.

### B. Computerized Research

Plaintiffs' counsel also seeks recovery of $466.19 for "LexisNexis expenses." Case law suggests that computerized legal research fees are more in the nature of overhead and do not constitute taxable costs. *See, e.g., BD v. DeBuono*, 177 F. Supp. 2d 201, 209 (S.D.N.Y. 2001). Also, it is clear from the billing entries that multiple attorneys charged handsomely for their time spent conducting research. As a result, this Court should decline to award additional compensation for computerized research costs.

### C. Total Recoverable Costs

Defendants agree that the following costs, totaling $1,444.87, are recoverable in this case, and the Court should award such costs accordingly.

| DATE | DESCRIPTION OF COST | AMOUNT |
|---|---|---|
| 10/28/2016 | Complaint Filing Fee | $400.00 |
| 1028/2016 | Fedex charge for mailing complaint to EDPA | $27.50 |
| 1/23/2017 | Process Server fee to Guaranteed Subpoena for serving complaint and summons on LINCARE INC. | $129.99 |
| 1/23/1017 | Process Server fee to Guaranteed Subpoena for serving complaint and summons on Healthcare Solution At Home Inc | $35.00 |
| 3/15/2017 | Postage for mailing courtesy copies of Plaintiff's Pre Disc Motion for Cond. Cert | $6.25 |
| 5/31/2017 | Fee for parking for JTB to attend Initial Conference. Paid to "ALLENTOWN PARKING AUTH ALLENTOWN PA" | $4.00 |
| 7/13/2018 | Postage: Sent Plaintiff's First Set of Rogs and RFPs to Defense Counsel via First Class Mail | $1.84 |
| 7/20/2018 | Postage: Sent Defendant's First Request of Rogs/RFP to Client via USPS Priority w/ prepaid return envelop | $13.10 |
| 9/7/2018 | Lunch for NC, JTB, court reporter, defense counsel, and Sawyer during Sawyer's depo - LOUEE'S PIZZA | $33.03 |
| 9/7/2018 | Lunch for NC and Sawyer after Schenk's depo; met and discussed Sawyer's deposition scheduled for the next day - SALSA BURRITO | $19.06 |
| 7/19/2018 | Bill from Simpluris (claims administrator) for sending Court-approved notice to 54 putative collective members and processing incoming consent forms | $725.93 |
| 10/12/2018 | PACER Expenses | $49.17 |
|  | **TOTAL** | **$1,444.87** |

## **CONCLUSION**

The Court should deny, in large part, Plaintiffs' Motion for Attorneys' Fees and Costs and reduce the award of fees and costs to Plaintiffs' counsel as argued above. Specifically, based on the law of the Third Circuit, Defendants contend that Plaintiffs' counsel should be awarded no more than $40,322.50 in attorney's fees and $1,444.87 in litigation expenses.

Dated:  May 14, 2019

                                        Respectfully submitted,

                                        **FORDHARRISON LLP**

                                        By:  */s/ Marilyn G. Moran*
                                                 Marilyn G. Moran
                                                 Florida Bar No. 0163813
                                                 Admitted *pro hac vice*
                                                 Email:  mmoran@fordharrison.com
                                                 200 S. Orange Avenue, Suite 1300
                                                 Orlando, FL  32801
                                                 (407) 418-2310  Telephone
                                                 (407) 418-2327  Facsimile

                                               *Attorneys for Defendants Health Care Solutions at Home Inc. and Lincare Inc.*

## CERTIFICATION REGARDING FILING AND SERVICE

The undersigned hereby certifies that a copy of this pleading was filed and served within the time permitted by the court rules. The undersigned further certifies that on May 14, 2019, the foregoing pleading was served upon all parties via ECF electronic filing.

Dated: May 14, 2019

                                            Respectfully submitted,

                                            **FORD HARRISON LLP**

                                            By: */s/ Marilyn G. Moran*
                                                   Marilyn G. Moran
                                                   Florida Bar No. 0163813
                                                  Admitted *pro hac vice*
                                                  Email: mmoran@fordharrison.com
                                                  200 S. Orange Avenue, Suite 1300
                                                  Orlando, FL 32801
                                                  (407) 418-2310 Telephone
                                                  (407) 418-2327 Facsimile

                                                  *Attorneys for Defendants, Health Care Solutions at Home Inc. and Lincare Inc.*

WSACTIVELLP:10508043.2